STATE of Missouri, Respondent,

v.

Henry WHITLEY, Appellant.

No. 52173.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 24, 1987.

Motion for Rehearing and/or Transfer
Denied Jan. 7, 1988.

Application to Transfer Denied
Feb. 17, 1988.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from his jury conviction for kidnapping, first degree robbery and armed criminal action. Defendant was sentenced as a prior and persistent offender to a term of fifteen years for kidnapping and a term of thirty years for first degree robbery, to run concurrently, and a term of five years for armed criminal action to commence at the end of the thirty-year sentence for a total of thirty-five years. We affirm.

This prosecution grew out of the forcible abduction of traveler Frank Mendiola from the St. Louis Greyhound Bus Station on December 11, 1985. While inside the bus station at about three o'clock in the morning, Mendiola was approached by a man, later identified as defendant. Defendant, wielding a knife, ordered the victim outside where defendant's companion was waiting with a pistol in his hand. The area was well lit, and the men wore no masks. Victim was forced into a car and driven to a vacant house where he was robbed and stabbed.

Victim was able to call for help and was taken to a hospital. He gave police a description of the two men and their automobile. He described the man with the gun as a black man, twenty-five to twenty-six years old, five feet four inches tall, muscular, short hair and wearing a gray jacket. Victim described the man with the knife as a black man, twenty-eight to twenty-nine years old, five feet six inches tall, muscular, with short hair and wearing blue jeans. He described the car as a 1975–76 Oldsmobile Cutlass Supreme white over blue with no license plates and a temporary license tag on the rear windshield.

Three days later, one and one-half blocks from the bus station, Officer Kenneth Kegal saw a vehicle matching the description given by victim with two black males inside who also appeared to fit victim's description of his assailants.

Officer Kegal stopped the car and the occupants were first taken to police headquarters and then to the hospital where victim was being treated. The suspects were placed in a room where victim could observe them. Victim identified defendant as the man who had abducted him using a knife. He did not identify the other suspect as a participant in the abduction, robbery and stabbing.

Subsequently, victim identified defendant's car as the one used in the abduction. Although he was shown several pictures of defendant's known associates, victim did not identify any of them as the assailant who carried the gun. The gunman was later identified by victim in the bus station

as victim was preparing to leave town. At the time this man was arrested, he was wearing the gray jacket victim had described, with blood on it of the same type as victim's.

The sufficiency of the evidence to support the conviction is not questioned. Defendant charges the trial court erred by failing to suppress evidence of the identification of defendant by the victim because it was the result of an arrest without probable cause.

Probable cause to arrest exists when the facts and circumstances within the knowledge of the arresting officers, and of which they have reasonably trustworthy information, are sufficient to warrant a belief by a person of reasonable caution that the person to be arrested has committed the crime for which he is being arrested. *State v. Griffin,* 640 S.W.2d 128, 131[7] (Mo.1982).

■ In this case, victim gave a detailed description of the car to the police, as well as a more generalized description of the suspects. A vehicle which matched this description was sighted in the same neighborhood as the abduction in the early morning hours only three days later. The abduction also occurred in the early morning hours. The occupants of the car also matched victim's description. It is evident from an examination of these factors there was probable cause for the arrest. *See State v. Carter,* 572 S.W.2d 430, 435[7] (Mo. banc 1978).

■ Even if we were to hold the arrest was improper, subsequent identification testimony is not inadmissible as the fruit of the illegal arrest. *State v. Taylor,* 630 S.W.2d 95, 96[4] (Mo.App.1981). Victim's identification was a result of his recollection of the abduction, not because of the arrest.

Defendant next claims the trial court erred in permitting victim's in-court identification, and other identification testimony because it resulted from an unduly suggestive showup and a photo array containing defendant's picture.

"It is settled law in Missouri that the prompt showing of a suspect to the victims of a crime is a proper procedure, justified by the exigencies of the situation; such action may immediately indicate to the officers whether the suspect should be released or held, or whether they should continue the search." *State v. Ballard,* 657 S.W.2d 302, 308[10] (Mo.App.1983).

■ "Reliability, rather than suggestiveness, 'is the linchpin in determining the admissibility of identification testimony.'" *State v. Story,* 646 S.W.2d 68, 71[1] (Mo. banc 1983). Victim and defendant were within a few feet of one another, and face-to-face at the bus station. The area was well lit. Victim was with defendant for over twenty minutes. He gave an accurate detailed description of the automobile and his attackers to police, and identified defendant three days after the crime. It is also important to note victim did not identify the other occupant of defendant's car as a participant in the abduction. An examination of the circumstances surrounding victim's identification support a finding of reliability.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.