STATE of Missouri, Appellant,

v.

David Ross CRAIG, Respondent.

No. 15736.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 19, 1988.

Motion for Rehearing or Transfer to Supreme Court Denied Oct. 11, 1988.

Application to Transfer Denied
Nov. 15, 1988.

378

Thomas E. Mountjoy, Pros. Atty., Richard E. Monroe, Asst. Pros. Atty., Springfield, for appellant.

Jon Van Arkel, Asst. Public Defender, Springfield, for respondent.

HOLSTEIN, Chief Judge.

Defendant David Ross Craig is charged with possession of methamphetamines, § 195.020.1,[1] which were allegedly discovered during a search of his clothing following his arrest on unrelated charges. The trial court sustained defendant's motion to suppress evidence seized from defendant's person when he was taken into custody by Springfield law enforcement officers on January 9, 1987. The State brings this interlocutory appeal. § 547.200. We agree with the State's assertion that there is an absence of substantial evidence to support the trial court's order suppressing evidence.

Before undertaking a review of the evidence submitted at the hearing on defendant's motion to suppress, we acknowledge certain limitations of review on appeal. Our inquiry is limited to whether the court's decision is supported by substantial evidence. *State v. Johns,* 679 S.W.2d 253, 261 (Mo. banc 1984), *cert. denied,* 470 U.S.

---

1. Unless otherwise indicated, all references to statutes are to RSMo, 1986, and all rule refer- ences are to Missouri Rules of Court (19th ed. 1988).

1034, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985). At a minimum, the trial court's findings on essential fact issues must be ascertainable from the record. *State v. Olds,* 569 S.W.2d 745, 750 (Mo. banc 1978). Upon review of the trial court's order suppressing evidence, the facts and reasonable inferences arising therefrom are to be stated favorably to the order challenged on appeal and we may disregard contrary evidence and inferences if the evidence is otherwise sufficient to sustain the trial court's finding. *State v. Blair,* 691 S.W.2d 259, 260 (Mo. banc 1985), *cert. granted,* 474 U.S. 1049, 106 S.Ct. 784, 88 L.Ed.2d 762–63, *cert. dismissed per curiam,* 480 U.S. 698, 107 S.Ct. 1596, 94 L.Ed.2d 678 (1987). If the court's ruling on the motion to suppress was correct, it is immaterial that an erroneous or insufficient reason is given. *State v. Harris,* 620 S.W.2d 349, 353 n. 3 (Mo. banc 1981).

On December 10, 1986, a two-count felony complaint, unrelated to the present charge, was filed in the Circuit Court of Greene County charging defendant with possession of more than 35 grams of marijuana and possession of amphetamines. Based on the complaint, a warrant was issued for defendant's arrest. The warrant set defendant's condition of release as a bail bond in the sum of $2,500. On December 26, a $2,500 bail bond conditioned on defendant's appearance on January 29, 1987, was filed with the clerk of the division of the circuit court from which the warrant had issued. The bond purported to have been signed by defendant and witnessed by an officer identified as a jailer for the city of Springfield. However, the bond was not approved and no return was made on the warrant at that time. The record is silent as to how the bond was transmitted to the court or who did so.

On January 9, 1987, Springfield police officer Jim Grier was investigating a charge of "stealing by deceit" of an El Camino automobile. Grier observed the El Camino in the 2100 block of North Clifton. There were several persons in the El Camino, one of whom was defendant. After stopping the vehicle, Grier asked each of the occupants to identify himself. Grier relayed the names by radio to the police dispatcher and was informed of the outstanding December 10 warrant for defendant on the drug charges.

By that time, defendant had exited the El Camino. Grier informed defendant he was under arrest. Defendant then asked if he could get a jacket from the vehicle. Another officer retrieved the jacket, asking defendant if it was his. Defendant replied "Yes," and the jacket was placed over defendant's shoulders. There is no indication that defendant protested that he had already been arrested on the December 10, 1986 warrant.

Grier escorted defendant to the Greene County Jail where defendant was in the process of being transferred to county authorities pursuant to the warrant. The process involves searching defendant, inventorying defendant's possessions, and completing required forms. While searching in the lining of defendant's jacket, Grier found a small black case. Inside the case was a smoking pipe and a white plastic pill box containing a colored, powdered substance.

Believing the powdered substance to be a controlled substance, Grier terminated the booking procedures on the December 10 warrant, seized the items as evidence, and took the defendant to the Springfield City Jail to process the defendant on charges relating to the newly discovered evidence. Grier testified that this is the normal practice when evidence of a different crime is discovered by city police officers prior to turning a defendant over to county authorities.

A return was made on the December 10, 1986 arrest warrant showing defendant was arrested January 20, 1987. Also on January 20, the judge who issued the warrant approved the bail bond filed with the court on December 26, 1986.

Subsequent to the seizure of the substance, the present charge of possession of methamphetamines was filed. Defendant filed a motion to suppress evidence seized during his January 9, 1987 arrest. The

trial court heard the evidence outlined above.

The court found that defendant was arrested on December 24, 1986, and thereafter released by law enforcement officers on bond. The court further found that the January 9, 1987 arrest was "not unconditional" and was pretextual. The trial court sustained the motion to suppress evidence seized during the search at the Greene County Jail. This appeal followed.

It is axiomatic that a valid custodial arrest of a suspect, without more, authorizes a search incident to the arrest. *State v. Blair, supra,* at 261. The question for our determination is whether the January 9, 1987 arrest was valid.

We begin by examining the propriety of the initial stop of the El Camino. Did the investigatory stop of the El Camino violate defendant's rights? Officer Grier had been informed that the El Camino he observed had been the subject of a stealing by deceit. His approach of the vehicle served a legitimate investigation function of identifying the persons in the vehicle and obtaining information which might confirm or negate the complaint which he was assigned to investigate.

■ The standard by which an investigatory stop is judged is whether the facts available to the officer at the moment of the stop would cause an officer to have a reasonable suspicion that criminal activity is taking place and warrant a person of reasonable caution in the belief the action taken is appropriate. *Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968); *State v. Lasley,* 583 S.W. 2d 511, 518 (Mo. banc 1979); *State v. McCabe,* 708 S.W.2d 288, 290 (Mo.App. 1986). Not every investigatory stop is an arrest. *Chapman v. McNeil,* 740 S.W.2d 701, 703 (Mo.App.1987). Under the circumstances, the stop and inquiry was appropriate.

■ Craig was arrested only after Officer Grier was informed by radio that a warrant was outstanding for defendant's arrest. An arrest is not necessarily tainted because the information resulting in the arrest was received over a radio. An officer may rely on information received over a police radio that a warrant is outstanding. See *Whiteley v. Warden, Wyoming State Penitentiary,* 401 U.S. 560, 568, 91 S.Ct. 1031, 1037, 28 L.Ed.2d 306, 313 (1971); *State v. Olds,* 603 S.W.2d 501, 505 (Mo. banc 1980); *State v. Singer,* 719 S.W.2d 818, 821 (Mo.App.1986). If the information communicated to the arresting officer was instigated by other officers who had inadequate information to justify an arrest, then the arrest may be invalid. See *Whiteley v. Warden, Wyoming State Penitentiary, supra;* Annotation, *Validity of Arrest Made in Reliance Upon Uncorrected or Outdated Warrant List or Similar Police Records,* 45 A.L.R. 4th 550 (1986). However, if there was an outstanding arrest warrant for defendant on January 9, 1987, the arrest was valid.

■ Generally, in criminal cases, a warrant once executed is exhausted and a defendant who has made bond may not be rearrested on the same warrant. *Carlson v. Landon,* 342 U.S. 524, 546, 72 S.Ct. 525, 537, 96 L.Ed. 547, 564, *reh'g denied,* 343 U.S. 988, 72 S.Ct. 1069, 96 L.Ed. 1375 (1952). Defendant did not present any direct evidence that he was arrested December 24, 1986. He directs our attention to the bond purported to have been signed by the defendant, witnessed by a city jailer on December 24, 1986, and filed with the circuit court on December 26, 1986. From this we are asked to infer that the defendant was under arrest pursuant to the warrant when the bond was signed and that he was entitled to release because of the bond which was filed. There are several reasons that such inferences are fallacious.

■ A warrant is not fully executed by arrest. The warrant in question contained the standard order that the defendant named therein be arrested and brought "before this court to be dealt with in accordance with law." Rule 22.04. From the court record in the unrelated case, defendant was not shown to have been brought before any judicial officer in conformity with the warrant. That provision of the warrant was unexecuted as of January 9.

Assuming defendant was arrested December 24, 1986, he was entitled to release on bond. But the filing of the bond was not the operative fact entitling him to release. Defendant's release was conditioned on approval of the bond by the court or clerk who set conditions of release on the warrant, or the sheriff. Rule 33.04. The city jailer who witnessed the signing of the bond was not authorized to approve the bond and did not purport to do so.

As of January 9, 1987, the warrant had not been withdrawn and the bond had not been approved. Until defendant was arrested and taken before the court or his bond approved by someone authorized by law, he remained subject to arrest under the warrant. The trial court's finding that defendant was arrested "on or before December 24, 1986" and "released on bond," is not supported by the evidence.

■ A second reason which negates any inference that defendant was arrested on December 24, 1986, is the return on the warrant showing he was arrested January 20, 1987. In civil cases, a return of process by a sheriff or his deputy is conclusive upon the parties as to matters contained in the return and may be impeached only by clear and convincing evidence showing the true facts of service. *State ex rel. Seals v. McGuire,* 608 S.W.2d 407, 408–09 (Mo. banc 1980); *Howell v. Autobody Color Co.,* 710 S.W.2d 902, 905 (Mo.App.1986). We need not decide here that a return on criminal process is entitled to the same evidentiary status as a return on process in civil cases. As a minimum, the facts shown in a return on criminal process are entitled to a presumption of accuracy absent any evidence contradicting the return. Here there was no direct contradictory evidence; only multiple inferences mixed with a healthy portion of conjecture and speculation as to what, if anything, occurred regarding defendant on or before December 24, 1986. The trial court's apparent disregard of the return on the warrant in favor of highly suspect inferences is erroneous.

The trial court also found that the arrest by Grier was pretextual. A pretext is something that is put forward to conceal a true purpose or object. Random House Dictionary of the English Language 1534 (2nd ed. 1987). If the arresting officer had some undisclosed but genuine reason for arresting defendant other than the outstanding warrant in the unrelated case, that reason is not discernable from the evidence.

■ Assuming Grier had some secret motive for making the arrest, the validity of the arrest is not to be judged on the basis of his subjective motives. Neither is the validity of the initial arrest judged on the basis of whether it is conditioned on finding no evidence of other crimes. The test for the lawfulness of an arrest is whether probable cause exists, regardless of whether an arrest was made with or without a warrant. *State v. Reasonover,* 714 S.W.2d 706, 716 (Mo.App.1986), *cert. denied,* 480 U.S. 936, 107 S.Ct. 1580, 94 L.Ed.2d 771 (1987). Probable cause exists where the facts and circumstances within the officer's knowledge, of which he has reliable and trustworthy information, would warrant a man of reasonable caution to believe that the person being arrested has committed an offense for which he has been placed in custody. *State v. Garrett,* 627 S.W.2d 635, 641 (Mo. banc 1982), *cert. denied,* 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982). Officer Grier's subjective motivation for making the search or seizure are immaterial where his conduct, assessed objectively, falls within the standards and requirements of the Fourth Amendment of the Constitution of the United States relating to arrests. *Scott v. United States,* 436 U.S. 128, 137, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168, 177 (1978).

From the record presented to us, the evidence shows that as of January 9, 1987, a valid warrant for arrest of defendant in an unrelated case was outstanding, that Officer Grier of the Springfield Police Department, being informed of the warrant, made a valid arrest of defendant, and that a search incident to the arrest resulted in a valid seizure of evidence. There is no substantial evidence to support the trial court's conclusion that the arrest of defendant was

pretextual or that the arrest warrant had been executed on December 24, 1986.

We conclude that the trial court erred in those findings and in sustaining the motion to suppress. The order suppressing evidence is reversed and the cause remanded for further proceedings consistent with this opinion.

CROW, P.J., and GREENE, J., concur.