**STATE of Missouri, Respondent,**

v.

**Gerald BOYD, Appellant.**

**No. 54599.**

Missouri Court of Appeals,
Eastern District,
Division 5.

Dec. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 1990.

Application to Transfer Denied
March 13, 1990.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Appellant was convicted of perpetrating a residential burglary in Olivette, Missouri. The crime occurred between 9:00 p.m. and 12:30 at night. At 1:30 a.m., Nancy Roberts, who lived around the corner from the victim, returned home with a friend to discover a strange brown auto parked in her driveway. A man, later identified as appellant Gerald Boyd, soon arrived and moved the auto after speaking with Ms. Roberts and her friend for a few moments. Later, the police found some of the stolen property outside a neighbor's house and were able to lift a fingerprint off one item.

Three days after the burglary, Captain Terry of the Olivette police department accompanied City Officer Scoggins to the St. Louis address where the brown auto was registered. They found the auto double parked outside the address. Appellant came to move the auto upon seeing the police officers. Later that day, Officer Scoggins was informed by the Olivette police department that the latent fingerprint found on the stolen property had been matched to appellant's fingerprints and that appellant was wanted for the burglary. Officer Scoggins arrested appellant the next day. In the process, he recovered a hunting knife from appellant's person which was one of the items stolen in the burglary.

Appellant was charged with burglary in the first degree, § 569.160, RSMo 1986, and stealing over $150, § 570.030, RSMo 1986. At trial, he used an alibi defense, supported by testimony from his sister, but was convicted on both counts. He was sentenced as a persistent offender to twenty-five and fifteen year sentences, to be served concurrently, but consecutively to any previous sentence or parole revocation. Appellant filed a motion for new trial, which was denied, and he now appeals.

Appellant first claims the trial court erred in overruling his challenge to the state's peremptory strikes of three black venirepersons under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Out of six black jurors on the venire panel, the state struck three. Without hearing explanations for the strikes, the court found that there was no prima facie case of discrimination because the state left three black jurors on the panel. He then requested the prosecutor to articulate his reasons for the record. The prosecutor explained his strikes as follows: Ms. Witt knew the Boyd family from the city and was difficult to understand. Ms. Foster's maiden name was Boyd and she knew a family with the same surname as two of appellant's witnesses, his sister and brother-in-law. Ms. Bartley also knew a family with this surname and the prosecutor did not believe she had answered truthfully on another voir dire question. After a discussion of these explanations, the trial court ruled that black jurors were not being systematically excluded from the case.

When attempting to raise a *Batson* challenge at trial, the defendant must establish a prima facie case of racial discrimination by proving:

> (1) defendant is a member of a cognizable racial group; (2) the prosecutor has exercised peremptory challenges to remove members of the defendant's race from the venire; and (3) that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude venire persons from the ... jury on account of their race.

*State v. Kilgore*, 771 S.W.2d 57, 62 (Mo. banc 1989) (quoting *Batson v. Kentucky*, 476 U.S. 79, 96, 106 S.Ct. 1712, 1723, 90 L.Ed.2d 69 (1986)). Once the prima facie case has been made, the state has the burden of presenting neutral reasons for its strikes to rebut the presumption of discrimination. *Kilgore*, 771 S.W.2d at 62. The prosecutor's reasons for making the strikes are also an element of the third factor of the prima facie case. *State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987). The court may find a prima facie case and still

find that the prosecutor had sufficient reasons for its strikes. *Kilgore*, 771 S.W.2d at 62. Upon review of such a finding of fact, the appellate court must defer to the trial court's finding unless it is clearly erroneous. *State v. Antwine*, 743 S.W.2d 51, 66 (Mo. banc 1987).

 We must agree with defendant that the trial court initially operated under a misapprehension of the law. In the end, however, the court listened to the prosecutor's reasons and then found that there was no systematic exclusion of blacks from the jury. In effect, the court proceeded to the second stage of inquiry under *Batson* as if it had found a prima facie case. At this point, the court found that there had been no systematic exclusion of blacks. The court's handling of this issue as a whole was sufficient to meet the requirements of *Batson* and *Antwine;* appellant has not presented any authority to the contrary. We do not find the trial court to be clearly erroneous in this instance and we must affirm.

Appellant also argues that the court erred in denying a pretrial motion to suppress the hunting knife and fingerprints taken after appellant's arrest. He claims that there was no probable cause for the arrest and thus the items taken pursuant to arrest are inadmissible. Detective Scoggins of the St. Louis police department made the arrest based on information that the Olivette police department wanted defendant for burglary. Officer Scoggins testified that he knew appellant had driven a vehicle which was suspect in the burglary and that appellant's fingerprints had been matched to those lifted off a piece of property involved in the burglary.

 A police officer is entitled to rely on official information when determining cause to arrest. *State v. Singer*, 719 S.W.2d 818, 821 (Mo.App.1986). Information supplied by one police department can provide the probable cause for an officer in another department to make an arrest. *State v. McCabe*, 708 S.W.2d 288, 290 (Mo. App.1986). When an officer makes an arrest based on an official communication, the arrest may be invalid if the department initiating the communication did not have

sufficient information to justify an arrest. *State v. Craig*, 759 S.W.2d 377, 380 (Mo. App.1988).

 Appellant relies heavily on the fact that there is no proof a fingerprint match was made prior to arrest; absent this knowledge, there was no probable cause for arrest. He fails to submit any authority that such evidence was necessary, however. The arresting officer testified that he was informed that appellant's fingerprints had been matched to the crime. While proof that his knowledge was false might invalidate the arrest, no such proof was presented. In *State v. Whitley*, 743 S.W.2d 482 (Mo.App.1987), probable cause for arrest existed when officers viewed an auto and its occupants whose description matched those of the perpetrators of a crime. *Id.* at 484. In the case at bar, we have the additional element of a fingerprint linking defendant to the crime. The trial court did not err in finding that there was probable cause for the arrest and thus in denying the motion to suppress.

The judgment is affirmed.

SIMON, C.J., and SIMEONE, Special Judge, concur.