**Michael CHAMBERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 58290.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 26, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 8, 1991.

Application to Transfer Denied
June 11, 1991.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

Movant Michael Chambers, appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

On October 14, 1986, a jury convicted movant of first degree robbery, § 569.020 RSMo 1986, and attempted robbery, § 564.011, for which the trial court sentenced him to concurrent twenty year terms of imprisonment. This court affirmed the conviction and sentence on direct appeal. *State v. Chambers*, 744 S.W.2d 818 (Mo.App.1987).

On June 21, 1988, movant filed a timely *pro se* motion under Missouri Supreme Court Rule 29.15. After counsel was appointed, an amended motion was filed alleging that movant was wrongfully convicted because of ineffective assistance of trial counsel. Movant alleged that his trial attorney improperly introduced and failed to object on cross examination to testimony regarding Sergeant Saitz's statement to movant's grandmother that movant better be careful because once he became seventeen he would be booked and treated as an adult, and failed to object to Sergeant Saitz's reference to movant's detainment on an "unrelated charge." Findings of fact and conclusions of law were originally entered on October 28, 1988, denying movant's claim without an evidentiary hearing. On appeal, this court remanded the proceeding for an evidentiary hearing. *Chambers v. State*, 781 S.W.2d 116 (Mo.App. 1989).

On March 3, 1990 an evidentiary hearing was held before Judge Kitchen in the Circuit Court of the City of St. Louis. The state called trial counsel Schroeder who testified that her trial strategy of eliciting Sergeant Saitz's testimony to movant's grandmother was to show Sergeant Saitz's grudge against movant. Trial counsel Schroeder also testified that she could not recall why she did not object to Sergeant Saitz's reference to an "unrelated charge." Findings of fact and conclusions of law were entered on March 2, 1990; again denying movant's claims after the evidentiary hearing.

The motion court ruled that trial counsel Schroeder exercised a valid trial strategy by eliciting testimony regarding Sergeant Saitz's threats and, therefore, was not ineffective in failing to object to the prosecutor's cross examination on the issue. The motion court also found that trial counsel Schroeder's failure to object to Sergeant Saitz's testimony that movant was brought in on an "unrelated charge" was a valid trial strategy of avoiding highlighting the Sergeant's answer. This appeal followed.

Appellate review of denial of post-conviction relief under Rule 29.15 is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). These findings and conclusions are deemed clearly erroneous only if review of the entire record leaves this court with a definite and firm impression that a mistake was made. *Day*, 770 S.W.2d 692, 695 (Mo. banc 1989) (citing *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987)).

In an ineffective assistance of counsel claim, movant must establish that counsel failed to exercise the skill and diligence of a reasonably competent attorney and that he was prejudiced thereby. *Mallet v. State*, 769 S.W.2d 77, 82 (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1308, 108 L.Ed.2d 484 (1990). Trial counsel's decision to elicit the testimony about Sergeant Saitz's grudge against movant was a

valid exercise of her discretion within her trial strategy. This court's well settled rule regarding trial strategy is that the subjects covered and the extent of cross examination must be left to the judgment of counsel. *State v. Spiller*, 778 S.W.2d 825, 826 (Mo.App.1989). Although this strategy involves weighing the risk that the jury might infer movant had past altercations with the law against the Sergeant's bias toward movant, trial counsel Schroeder did not fail to exercise the skill and diligence of a reasonably competent attorney. Because movant's first allegation fails to satisfy the first component, we need not discuss the prejudicial component with regard to this allegation.

In applying the test to movant's second allegation, we may dispose of the ineffectiveness claim on the ground of lack of sufficient prejudice. *Sidebottom v. State*, 781 S.W.2d 791, 796 (Mo. banc 1989). To establish prejudice, movant must show there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mallett v. State*, 769 S.W.2d 77, 82 (Mo. banc 1989).

The Sergeant's brief reference to the unrelated charge does not establish prejudice. It was not alluded to again in any witness testimony or in the state's closing argument. This passing reference does not undermine our confidence in the jury's conviction of movant.

Furthermore, when this reference is viewed in light of the totality of evidence, we are still confident that the level of prejudice did not frustrate the outcome. Considered with the Sergeant's grudge, there is no undue prejudice because there is no indication the jury cumulated these isolated statements. Considered with the contested identification of movant, there is no undue prejudice because movant was unequivocally identified by at least one witness. After considering the totality of the evidence, there is no reasonable probability that but for trial counsel's failure to object to the

reference to the unrelated charge, the result of the trial would have been different.

We find that the motion court was not clearly erroneous in denying movant's ineffective assistance of counsel claim.

Affirmed.

KAROHL and GRIMM, JJ., concur.