STATE of Missouri, Respondent,

v.

Clark Lee SMITH, Appellant.

Clark Lee SMITH, Appellant,

v.

STATE of Missouri, Respondent.

No. 58022.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 28, 1991.

Henry B. Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Clark Lee Smith, appeals from his jury trial convictions in the Circuit Court of the City of St. Louis of murder in the second degree, RSMo § 565.021 (1986), and armed criminal action, RSMo § 571.015 (1986), for which he was sentenced, as a

prior, persistent and Class X offender, to life imprisonment and ten years imprisonment respectively. These prison terms were to be served consecutively. Appellant also appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

On the evening of October 25, 1988, appellant and the victim, Joseph Evans, were drinking on a vacant lot on Delmar Avenue in the City of St. Louis. Walter Miller, the owner of the lot,[1] testified the appellant and victim were drinking heavily and were quite drunk when Mr. Miller left at 5:30 p.m.

Some time shortly after Mr. Miller left the lot, the victim suggested to the appellant that appellant go with victim to steal some copper cable. Appellant declined and the victim began to argue with the appellant. During the course of the argument, the victim picked up a concrete block and threw it at the appellant. The appellant dodged the block, picked up a concrete block of his own and threw it at the victim. The appellant's throw found its mark, hitting the victim in the face and knocking the victim down.

As the victim attempted to stand up, appellant hit the victim in the chest with another concrete block. The victim, again, attempted to stand and again the appellant hit him with a concrete block. The blows sustained by the victim broke his breast bone and broke his skull in several places. At trial, Dr. Michael Graham, a forensic pathologist and chief medical officer for the City of St. Louis, testified the blows to the head killed the victim by, in effect, short circuiting the electrical impulses in the brain.

Appellant was indicted on charges of armed criminal action and first degree murder on November 21, 1988. A substitute information, in lieu of indictment, was filed on February 8, 1989, alleging that appellant was a prior, persistent and Class X offender. The trial commenced on January 8, 1990, and continued until January 10, 1990, at which time the jury found appellant guilty of murder in the second degree and armed criminal action.

On June 15, 1990, the appellant filed a timely motion under Rule 29.15. On June 27, 1990, the court appointed the public defender's office to represent appellant. Although an amended motion was not filed in this case, the order of the motion court indicates the appellant's attorney reviewed the files of the case and indicated to the motion court that no amended motion was going to be filed. The court handed down its order denying appellant post-conviction relief on October 23, 1990. For purposes of appeal, appellant's direct appeal and his appeal from the denial of his Rule 29.15 motion have been consolidated. Rule 29.-15(*l*).

Appellant's first two claims allege error in the trial court's denial of his motion to suppress evidence. In reviewing the trial court's ruling on a motion to suppress, the facts and reasonable inferences arising therefrom are to be stated favorably to the order challenged on appeal and we may disregard all contrary evidence and inferences. *State v. Blair*, 691 S.W.2d 259, 260 (Mo. banc 1985). We are to affirm the trial court's ruling on a motion to suppress if the evidence is sufficient to sustain its findings. *Id.*

The evidence presented at the motion hearing reveals appellant was arrested on November 3, 1988, on an outstanding warrant for burglary from St. Louis County. Because the homicide division had advised district personnel that appellant was wanted for questioning regarding the murder of the victim, the appellant was taken to the St. Louis City homicide office. Appellant was advised of his Miranda rights and was questioned by police. Although appellant denied knowledge of the murder, he did tell police that he had been with the victim on the night of the murder and two "unknown males" came to the lot looking for the victim that night to talk to the victim about a burglary.

---

**1.** Mr. Miller testified he was demolishing an apartment building on the lot and the appellant was permitted to reside in Miller's trailer on the lot in exchange for watching the lot at night.

Appellant was questioned again the following day. Appellant was advised of his Miranda rights and, although he initially denied knowledge of the murder, appellant soon told police he was ready to "tell the truth" and confessed to the killing.

■ Appellant first contends the trial court erred in finding his arrest on the St. Louis County warrant for burglary was not a mere pretext to search for evidence of the homicide. We disagree.

■ A pretextual arrest occurs when police use a legal justification to make an arrest to search a person or place, or to interrogate a person, for an unrelated crime for which the police do not have the reasonable suspicion to support an arrest. See *U.S. v. Guzman*, 864 F.2d 1512, 1515 (10th Cir.1988). "The classic example ... occurs when an officer stops a driver for a minor traffic violation in order to investigate a hunch that the driver is engaged in illegal drug activity." *Id.* Such stops may violate the Fourth Amendment to the United States Constitution. *United States v. Prim*, 698 F.2d 972, 975 (9th Cir.1983).

■ An inquiry into an allegedly pretextual arrest requires an objective, rather than subjective, analysis of the facts and circumstances surrounding the arrest. *State v. Craig*, 759 S.W.2d 377, 381 (Mo. App., S.D.1988). The arrest itself is adjudged valid where probable cause exists for the arrest made. *Craig*, 759 S.W.2d at 381. Such probable cause exists where the facts and circumstances within the officer's knowledge, of which he has reliable and trustworthy information, would warrant a man of reasonable caution to believe that the person being arrested has committed the offense for which he has been placed in custody. *Id.*

From the record presented to this court, we cannot say the trial court erred. There is no indication in the record the warrant from St. Louis County was invalid or that the arresting officers had reason to believe it to be invalid. We are not persuaded the trial court erred in finding the facts and circumstances within the officer's knowledge were trustworthy and sufficient to

warrant a belief the appellant had committed the burglary in St. Louis County. The arrest was, therefore, valid and was not pretextual.

■ Appellant next contends that his confession was involuntary in the continued police questioning regarding his knowledge of the murder coerced him into making the confession. We disagree.

■ The test for voluntariness of a confession is whether, under the totality of the circumstances, the defendant is deprived of a free choice to admit, deny or refuse to answer, and whether physical or psychological coercion was of such a degree that defendant's will was overborne at the time he confessed. *State v. Sumowski*, 794 S.W.2d 643, 646 (Mo. banc 1990).

The evidence presented below is insufficient to demonstrate any coercion at all, let alone enough to result in an overborne will at the time appellant confessed. The appellant was given his Miranda warnings before questioning and indicated he understood them. He was never beaten or handcuffed during the questioning nor was the appellant threatened. As to appellant's claim the persistent questioning by the police officers coerced his confession, we do not believe the evidence to be sufficient to support such a claim and the trial court was within its discretion to disbelieve appellant's testimony to this effect. Point denied.

■ Appellant's final claim on appeal is the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing. We disagree.

In his *pro se* motion, the appellant alleged his trial counsel was ineffective in failing to move for a mistrial when the tape of his confession was played for the jury. The basis of his claim was the confession included references by appellant to the St. Louis County arrest warrant for burglary. Appellant claimed these references to an unrelated burglary charge prejudiced him.

On appeal, appellant contends his trial counsel was ineffective in failing to ask the trial court to delete references to the burglary charge from his confession. We note

this alleged error is not the same as that presented to the motion court in appellant's post-conviction relief motion. The failure to include a claim in the appellant's motion results in that claim being waived. Rule 29.15(d).

In any case, we note appellant's trial counsel's failure to request the deletion to any reference to burglary did not rise to a level entitling appellant to relief. To prove ineffective assistance of counsel, a Rule 29.15 movant must show counsel's performance was deficient and the deficiency prejudiced his defense. *Sidebottom v. State*, 781 S.W.2d 791, 795 (Mo. banc 1989). Such prejudice is shown by proof, but for counsel's unprofessional errors, there was a reasonable probability the result would have been different. *Id.* at 796. It is not enough to show a mere conceivable effect on the outcome, rather, the defendant must show that there is a reasonable probability, but for the errors by counsel, the fact finder would have had a reasonable doubt. *Id.*

The evidence in this case was particularly strong. The appellant was last seen drunk with the victim and later confessed to killing the victim. The medical testimony at trial was consistent with appellant's confession as to how he killed the victim. Finally, we note appellant's trial counsel had filed a motion to suppress appellant's confession and, when that motion was overruled, asked the State's witnesses not be permitted to testify regarding the burglary warrant. The appellant's brief references to the burglary in his confession could not have resulted in prejudice sufficient to entitle him to relief. Point denied.

Affirmed.

CRIST and AHRENS, JJ., concur.