STATE of Missouri, Plaintiff–
Respondent,

v.

Ricky N. JOHNSON, Defendant–
Appellant.

Ricky N. JOHNSON, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

Nos. 16925, 17903.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 13, 1992.

Marcie W. Bower, Columbia, for defen-
dant-appellant and movant-appellant.

William L. Webster, Atty. Gen., Hugh L.
Marshall, Asst. Atty. Gen., Jefferson City,
for plaintiff-respondent and respondent-re-
spondent.

SHRUM, Judge.

The defendant Ricky N. Johnson was
found guilty by a jury of attempted forc-
ible rape and sentenced by the court as a
prior offender to a term of 20 years' im-
prisonment. In case No. 16925, Johnson
appeals from the judgment and sentence.

As the single point in his direct appeal,
Johnson argues that the trial court erred in
denying his request that the jury be given
a class A misdemeanor third-degree assault
instruction as a lesser included offense of
the attempted rape charge. We reject this
claim and affirm the judgment.

Johnson sought postconviction relief,
pursuant to Rule 29.15, claiming ineffective
assistance of counsel. Following an evi-
dentiary hearing, the motion court denied
relief. Johnson appeals from that judg-
ment in case No. 17903.

Johnson's single point on appeal in No.
17903 is that the motion court was clearly
erroneous in its conclusion that no preju-
dice resulted from his trial counsel's direct
examination question about his prior "trou-
ble ... with the law," a question that en-

abled the state to then cross-examine Johnson about his prior arrests. We likewise reject this claim of error and affirm the judgment.

## Case No. 16925
### FACTS

Johnson does not challenge the sufficiency of the evidence to convict him. On April 14, 1989, Johnson asked the 20–year–old female victim to go into his home to get his wife's makeup bag. After the victim entered the house, Johnson followed. Johnson asked the victim to stay and he put his arm around her. She replied, "No," and stated she would walk home. Thereupon, Johnson, who weighed 215 pounds, picked up the victim, threw her face-down on the floor in a narrow space between a bed and a wall, and got on top of her. He stuck his hand up the front of her sweater. During this time he continued to tell the victim, "I'm going to f___ you."

The victim could not scream because of Johnson's weight on top of her. Johnson momentarily let her up but "[t]hen he got [her] on the bed." At that point she began screaming and Johnson began punching her in the face, mouth, and head with his fists. He hit her about ten times. He told her that he was going to f___ her, that no one would care, and that he would kill her because she would not shut up. As she was being hit by Johnson, he pulled her pullover sweater over her head and ripped her bra. He also tore the zipper on her blue jeans as he tried to remove them.

The victim was finally able to escape and run out the back door. Johnson followed her, but she ran to the house of neighbors who provided first aid and called law enforcement officials. Upon investigation, blood was found on the victim's bra and jeans. The neighbors testified that the victim was covered with blood and that she had told them she had been beaten and almost raped. The victim was treated at a hospital where 22 stitches were required to close the wounds on her face and lips.

In addition to the attempted forcible rape charge, Johnson was charged with second-degree assault, a class C felony, § 565.060, RSMo 1986. Prior to trial, the second-degree assault charge was dismissed at the request of the state.

Johnson testified and admitted beating the victim. He said that when he struck her he was no longer sexually aroused but that he was "frustrated," "confused," and "angry" because he had expected to have consensual sexual relations.

During the instruction conference, Johnson requested that the trial court submit to the jury a class A misdemeanor third-degree assault instruction as a lesser included offense. The trial court denied the request and instructed the jury solely on the attempted forcible rape charge.

## DISCUSSION AND DECISION

In his direct appeal, Johnson argues that the trial court erred in refusing to submit to the jury the requested third-degree assault instruction.[1] His argument rests on the false premise that, because the third-degree assault instruction he offered was supported by the defense evidence, the trial court was required to submit it.[2]

■ It is error for the trial court to fail to instruct on all lesser included offenses that are supported by the evidence. *State v. Stone,* 571 S.W.2d 486, 487[1] (Mo. App.1978). However, the court has no obligation to instruct on an offense not specifically charged in the information unless it is a lesser included offense. *Id.* at 487[2].[3]

1. The defendant submitted an instruction that would have allowed the jury to make a finding that "the defendant recklessly caused physical injury to [the victim] by striking her about the head, or recklessly created a grave risk of serious injury to [the victim] by striking her about the head...."

2. The defendant points to his testimony that, although he did strike the victim, he did so out

of frustration and anger but did not do so to force her to have sexual relations with him against her will.

3. As the *Stone* opinion points out, "it could be erroneous for the court to instruct on an offense not specifically charged in the information or indictment unless it is a lesser included offense. This is because a defendant may not be convicted of an offense not charged in the information

The test to determine if one offense is "necessarily" included in another is:

If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lessor is not necessarily included in the greater.

*State v. Weems*, 800 S.W.2d 54, 58 (Mo. App.1990) (quoting *State v. Amsden*, 299 S.W.2d 498, 504 (Mo.1957)), and 27 Am.Jur. *Indictments and Informations* § 194 (1940)). *See also* 41 Am.Jur.2d *Indictments and Informations* § 313 (1968); § 556.046.1(1), RSMo 1986.

In *State v. Smith*, 592 S.W.2d 165 (Mo. banc 1979), our supreme court reexamined and clarified "the standard for determining the lesser included status of criminal offenses" as established in *Amsden*. 592 S.W.2d at 165. The court made clear that Missouri follows the "statutory element" test. *Id.* at 166. Thus, contrary to Johnson's argument, the correct test "is based on a comparison of the statutory elements of the crimes, not the particular facts of the case." *Weems*, 800 S.W.2d at 58.

In *Stone*, the court said this about the *Amsden* test:

[A]n offense does not become a lesser included offense because all of the elements of the lesser offense are sup- ported by evidence at the trial. Rather, all elements of the lesser offense must be necessary to establish the greater offense when added to an additional element or elements. *In short, the fact that the evidence establishes guilt of the defendant of a lesser crime does not necessarily mean that that crime is a lesser included offense and must be instructed upon.*

571 S.W.2d at 487 (emphasis added).

■ The instruction which Johnson sought was for a lesser included offense which contains elements (physical injury or physical contact) that are not included in the offense of attempted forcible rape.[4] Indeed, the third-degree assault instruction proffered by Johnson specified "physical injury" as an element of the offense. It is clear not only from the statute but also the cases that "physical injury" is not an element of attempted rape. *See, e.g., State v. Boschert*, 693 S.W.2d 128, 129[3] (Mo.App. 1985). Because "physical injury" is not an element of attempted rape, third-degree assault is not a lesser included offense of attempted rape, and the trial court committed no error in refusing to instruct the jury on class A misdemeanor third-degree assault. *Id. See also State v. Molkenbur*, 723 S.W.2d 894, 896[3] (Mo.App.1987). Point I is rejected.

or indictment." 571 S.W.2d at 487[2]. Here, although the defendant was charged with second-degree assault (of which third-degree assault is a lesser included offense), the assault charge was dismissed before trial.

4. The defendant was tried under § 564.011, Missouri's attempt statute, and § 566.030, RSMo 1986. Under § 564.011:

1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

Section 566.030, RSMo 1986, defined the crime of forcible rape as follows:

1. A person commits the crime of forcible rape if he has sexual intercourse with another person to whom he is not married, without the person's consent by the use of forcible compulsion.

Compare the elements of third-degree assault as defined by § 565.070, RSMo 1986:

1. A person commits the crime of assault in the third degree if:

(1) He attempts to cause or recklessly causes physical injury to another person; or

(2) With criminal negligence he causes physical injury to another person by means of a deadly weapon; or

(3) He purposely places another person in apprehension of immediate physical injury; or

(4) He recklessly engages in conduct which creates a grave risk of death or serious physical injury to another person; or

(5) He knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative.

2. Assault in the third degree is a class A misdemeanor unless committed under subdivision (3) or (5) of subsection 1 in which case it is a class C misdemeanor.

## Case No. 17903
## FACTS

While Johnson was testifying, his trial counsel asked him, "Have you been in trouble before with the law on anything—ever?" Johnson answered that he had pled guilty to a second-degree burglary charge when he was 17 years old and had been placed on probation. On cross-examination, the prosecutor asked, "Have you had any other trouble with the law?" Defense counsel's objection was overruled. The trial court observed, "You [defense counsel] asked if he had trouble with the law, not if he had convictions." Johnson then answered that he had been arrested in 1977 and 1985.

Johnson claimed in his Rule 29.15 motion that he was denied his constitutional rights to have effective counsel because the prosecutor was permitted to elicit his testimony about his prior unrelated arrests, testimony which would have been inadmissible in the absence of his counsel's "trouble with the law" question.

At the postconviction motion hearing, Johnson's trial counsel testified that it was not part of his trial strategy to ask the question as phrased. He characterized the question as a "blunder, given the circumstances," saying that he intended to ask Johnson if he had previously been convicted of a felony.

In rejecting Johnson's claim of ineffective assistance of counsel arising out of the "trouble with the law" question, the motion court concluded that "Movant was not thereby prejudiced." Johnson challenges that conclusion in his single point relied on in Case No. 17903.

## DISCUSSION AND DECISION

■ Appellate review of denial of postconviction relief under Rule 29.15 is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo.banc), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). The findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake was made. *Id.* at 695–96.

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064[5], 80 L.Ed.2d 674, 693[10] (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

Prejudice is shown by proof that, but for counsel's unprofessional errors, there was a reasonable probability that the result would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Prejudice is not presumed from a showing of deficient performance of counsel, but must be affirmatively proved. *Id.* at 693, 104 S.Ct. at 2067. It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding, *Id.;* rather, defendant must show that there is a reasonable probability that, but for the errors by counsel, the fact finder would have had a reasonable doubt respecting punishment. *Id.* at 694–95, 104 S.Ct. at 2068–2069. If it is simpler to dispose of a claim of ineffectiveness on the ground of lack of sufficient prejudice, that course should be followed. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069. "There is no reason for a court ... to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* "The movant has the burden of proving his grounds for relief by a preponderance of the evidence." *Rule 29.15(h)*. *Sidebottom v. State*, 781 S.W.2d 791, 796[6–9] (Mo.banc 1989), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990).

When the motion court's conclusion of no prejudice is reviewed in light of the record and the foregoing principles, it is not clearly erroneous. The cross-examination of Johnson involving the unrelated arrests

was brief, the questions were at the beginning of the state's cross-examination of Johnson, and the questions were limited in scope. The evidence of Johnson's other arrests was not emphasized by the state, and it was not alluded to again in any witness's testimony or in the state's closing argument. *See Chambers v. State*, 809 S.W.2d 27, 29[2] (Mo.App.1991). Johnson does not question the sufficiency of the evidence of guilt, either on direct appeal or in the present case. *See Starr v. State*, 735 S.W.2d 134, 136–37[5] (Mo.App.1987). Assuming, without deciding, that the "trouble with the law" question and its consequences provide the deficient performance prong of Johnson's ineffective assistance of counsel claim, it does not necessarily follow that competent counsel could have obtained a different result.

Johnson testified that he was in the bedroom with the victim, he kissed her, he touched her breasts, and he unbuttoned her jeans. He also admitted that he struck the victim in the face. In striking her, Johnson opened facial wounds that required 22 sutures to close. Although Johnson testified that the touching and undressing were consensual, the violent and sexual nature of Johnson's assault and the victim's torn and bloodied bra and jeans provide evidence that his actions were a substantial step toward forcible rape.

After her escape from Johnson, the victim ran to a nearby house in a state of partial undress, covered with blood. A neighbor described the victim as hysterical. The neighbor testified to the victim's statement that she had been beaten and almost raped.

Evidence to support the conviction was strong. *Compare State v. Smith*, 812 S.W.2d 225 (Mo.App.1991). When we view the limited evidence of Johnson's two unrelated arrests in light of the entire record, we are confident there is no reasonable probability that, but for his trial counsel's "trouble with the law" question and its consequences, the result of the trial would have been different.

The trial court was not clearly erroneous in denying Johnson's ineffective assistance of counsel claim. Point II is rejected.

The judgment of conviction in No. 16925 is affirmed. The judgment in No. 17903 denying Johnson's Rule 29.15 motion is affirmed.

PARRISH, C.J., and CROW, P.J., concur.