**Gerald BOYD, Appellant,**

**v.**

**Michael GROOSE, Appellee.**

**No. 92–2766.**

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1993.

Decided Sept. 14, 1993.

Nathan S. Cohen, St. Louis, MO, argued, for appellant.

Ronald Jurgeson, Kansas City, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGNUSON,* District Judge.

BOWMAN, Circuit Judge.

Gerald Boyd appeals the District Court's [1] denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (1988). Boyd argues that the District Court erred in adopting the magistrate judge's [2] report and recommendation, which recommended dismissal of two of Boyd's claims as procedurally barred and dismissal of the remaining claims on the merits. We affirm.

Boyd is presently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri, pursuant to the judgment of conviction and sentence of the Circuit Court of St. Louis County, Missouri. A jury found him guilty of burglary in the first degree and of stealing over $150 for which he received concurrent terms of 25 years and 15 years imprisonment due to his status as a prior, persistent, and class X offender.

After his conviction, Boyd moved for a new trial and that motion was denied. He was sentenced, and then filed a motion to vacate, set aside, or correct his convictions and sentence pursuant to Missouri Supreme Court Rule 29.15. Boyd's Rule 29.15 motion was denied and he appealed. Meanwhile, his direct appeal was proceeding. The Missouri Court of Appeals consolidated Boyd's direct appeal and the appeal of the denial of his Rule 29.15 motion and affirmed the trial-court decisions. *State v. Boyd,* 784 S.W.2d 226 (Mo.Ct.App.1989). Boyd petitioned the Supreme Court of Missouri for a state writ of habeas corpus. His petition was denied, apparently on a procedural technicality. *Boyd v. Groose,* No. 73824 (Mo. June 11, 1991).

---

* The HONORABLE PAUL A. MAGNUSON, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

2. The Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri.

Having exhausted his state remedies, Boyd filed this petition for federal habeas relief.

■ Boyd contends that he was denied effective assistance of counsel because of certain errors his trial counsel allegedly committed. We do not address the merits of Boyd's ineffective assistance claims because we agree with the District Court that Boyd procedurally defaulted each of these claims. The failure to preserve a claim on appeal of a state court ruling raises a procedural bar to pursuing that claim in federal court. *See Gilmore v. Armontrout,* 861 F.2d 1061, 1065 (8th Cir.1988), *cert. denied,* 490 U.S. 1114, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989). Boyd raises several claims of ineffective assistance of counsel, but some of these claims were not raised in his Rule 29.15 motion, and the others, although raised in his Rule 29.15 motion, were not advanced in his appeal from the denial of that motion. Thus he procedurally defaulted all of these claims. *See O'Neal v. State,* 766 S.W.2d 91 (Mo.) (en banc), *cert. denied,* 493 U.S. 874, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989); *see also Boyd v. Delo,* 999 F.2d 1286, 1288 (8th Cir.1993) (claims of ineffective assistance of counsel procedurally barred when abandoned on the appeal of the denial of the Rule 27.26 motion).

■ A habeas petitioner can overcome a procedural default only if he demonstrates both cause for the default and actual prejudice resulting from the default. *Stokes v. Armontrout,* 851 F.2d 1085, 1092 (8th Cir. 1988), *cert. denied,* 488 U.S. 1019, 109 S.Ct. 823, 102 L.Ed.2d 812 (1989). Boyd contends in his pro se brief that the abandonment of his ineffective assistance of trial counsel claims resulted from the ineffective assistance of his Rule 29.15 appellate counsel, and that this ineffective assistance provides cause for his procedural default. This contention must be rejected in light of the decision of the Supreme Court in *Coleman v. Thompson,* — U.S. —, —, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) (holding that because there is no constitutional right to counsel in state post-conviction proceedings, deficient performance of counsel in such proceedings cannot constitute cause to excuse procedural default). As Boyd shows no cause for his default, we need not address the issue of prejudice. The District Court correctly held Boyd's ineffective assistance of counsel claims to be procedurally barred.[3]

■ Boyd next argues that the District Court erred in failing to appoint counsel *sua sponte* to assist him with his petition for habeas corpus relief. First we note that a habeas corpus proceeding is a civil proceeding to which the Sixth Amendment right to counsel afforded for criminal proceedings does not apply. *Williams v. Missouri,* 640 F.2d 140, 144 (8th Cir.), *cert. denied,* 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981). "A district court does not abuse its discretion in denying petitioner's request for appointment of counsel where the issues can be properly resolved on the basis of the state court record." *Smith v. Groose,* 998 F.2d 1439, 1442 (8th Cir.1993). Here, the state court record gave the District Court an ample basis for resolving the issues raised in Boyd's petition. We therefore find no abuse of discretion in the District Court's refusal to appoint counsel.

■ Boyd next contends that the District Court erred in denying him a hearing on his claim that the state denied him equal protection by using peremptory strikes to exclude three black venire persons in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Under *Batson,* a defendant must make a prima facie showing of racially discriminatory selection of the jury, and then the prosecutor has the burden of coming forward with a neutral explanation for his challenges. *Id.* at 96–97, 106 S.Ct. at 1722–1723. Here, the Missouri Court of Appeals found that the state trial court "initially operated under a misapprehension of the law," but ultimately acted correctly when it found that there was no intentional discrimination by the prosecutor. *Boyd,* 784 S.W.2d at 228. State court findings of fact are ordinarily entitled to a pre-

---

**3.** Since we find that Boyd's ineffective assistance of counsel claims are procedurally barred, we need not address his contention that the District Court erred by declining to hold an evidentiary hearing on these claims.

sumption of correctness in § 2254 proceedings. *See* 28 U.S.C. § 2254(d).

In this case, the state struck three out of six black jurors on the venire panel. The prosecutor explained his strikes as follows: one juror knew the Boyd family and was difficult to understand; another juror's maiden name was Boyd and she knew a family with the same surname as two of Boyd's witnesses; the final juror also knew a family with the same surname as those witnesses, and the prosecutor did not believe the juror had answered truthfully on another *voir dire* question. *Boyd*, 784 S.W.2d at 227. The finding of both the state trial court and the Missouri Court of Appeals that no intentional discrimination occurred is supported by the record and is entitled to the § 2254(d) presumption of correctness, and the District Court did not err in denying Boyd a hearing on this issue.

We have carefully reviewed the remaining arguments that Boyd raises and conclude that they are meritless.

Accordingly, we affirm the judgment of the District Court.