19 F.3d 23
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Kevin T. COLE, Appellant,
v.
James PURKETT, Appellee.
 No. 93-2650EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 7, 1994.
Filed: March 2, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Missouri inmate Kevin T. Cole appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus application. We affirm.
 
 
 2
 In his habeas application, Cole asserted the state trial court committed error in not instructing the jury on a lesser included offense at his trial. This claim is inappropriate for federal habeas review because the claim does not allege a federal constitutional violation. Otey v. Hopkins, 5 F.3d 1125, 1130 (8th Cir. 1993). Cole's attempt on appeal to characterize his state-law jury instruction claim as an ineffective assistance of trial counsel claim does not make habeas review available. It is clear that Cole failed to claim in the state courts that his attorney's decision not to request the instruction amounted to a violation of his Sixth Amendment right to effective assistance of counsel. See State v. Cole, 753 S.W.2d 39, 40-41 (Mo. Ct. App. 1988). Because the state courts never had the opportunity to consider Cole's federal ineffective assistance claim, the claim is procedurally defaulted. See Flieger v. Delo, No. 92-3386, 1994 WL 42250, at * 8 (8th Cir. Feb. 15, 1994).
 
 
 3
 Cole also contends the district court committed error in concluding that ineffective assistance of postconviction counsel is not cause to excuse his procedural default of several other claims. Ineffective assistance of postconviction counsel, however, cannot constitute cause. Coleman v. Thompson, 111 S. Ct. 2546, 2568 (1991); Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993). Thus, we affirm the district court.