STATE of Missouri, Respondent,

v.

Timothy M. FORD, Appellant.

No. WD 39033.

Missouri Court of Appeals,
Western District.

April 5, 1988.

Appellant's Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1988.

Respondent's Motion to Modify the Opinion Denied May 31, 1988.

Application to Transfer Denied July 26, 1988.

Robert G. Duncan, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, C.J., and NUGENT and BERREY, JJ.

PER CURIAM:

A jury found appellant guilty of two counts of sexual abuse in the first degree, in violation of Sec. 566.100, RSMo 1986. Appellant was sentenced to two years imprisonment plus a one thousand dollar fine on each count.

Appellant now appeals on two grounds. First, he claims that the trial court erred in allowing, as evidence, prior statements of the victim which unfairly, prejudicially, and improperly bolstered and corroborated the testimony of the victim at trial. Second, appellant claims that the trial court erred in refusing appellant's proffered instruction that prior inconsistent statements used to impeach a witness were not to be considered as substantive evidence.

The sufficiency of the evidence to sustain appellant's conviction is not in question. Appellant's conduct first became an issue when the victim, a nine-year-old girl, told her baby sitter that appellant had had sexual contact with her in the bathroom at her house. Appellant was the live-in boyfriend of the victim's mother. The baby sitter reported the episode to the victim's father, who telephoned the police.

The victim was then interviewed at the police headquarters building in Kansas City, Missouri. The interview was conducted by Officer Ashley Hurn and a deputy juvenile officer, and the victim's statements were taped and later transcribed. The victim told Officer Hurn that there had been two incidents of sexual contact with appellant, the incident which occurred in the bathroom, and a second incident which took place on appellant's bed.

However, at trial, the victim testified that there had been a total of four instances of sexual contact with appellant. She described the two incidents of sexual abuse which she had earlier described to Officer Hurn, but also testified as to two additional incidents which took place in appellant's bedroom and her brother's bedroom.

On cross-examination, appellant's counsel impeached the victim on the basis of conflicts between her trial testimony and her earlier statements made to Officer Hurn. Specifically, appellant's counsel referred to the discrepancy between her trial testimony that there were four instances of sexual contact, and her statements to Officer Hurn that there were two instances of sexual contact. Also, the victim testified at trial that appellant had not tied her legs up during the sexual contacts, whereas, she had told Officer Hurn that her legs were tied. In addition, appellant's counsel impeached the victim on the basis of conflicting statements about the number of times appellant tied up her arms during sexual contact. Also, the victim testified at trial that she refrained from telling about the sexual contact because appellant threatened to stop being her friend, whereas, she told Officer Hurn that she refrained from telling because appellant told her to keep it a secret.

Following the cross-examination of the victim, the state produced Officer Hurn as a witness, and offered the 33-page transcript of the victim's interview with Officer Hurn as substantive evidence, citing Sections 491.074 and 491.075, RSMo 1986. The transcript was admitted over appellant's objection that both statutes were unconstitutional and that Sec. 491.075 allowed improper corroboration. The court did not allow the entire transcript to be shown to

the jury. Portions of it were read to the jury by Officer Hurn. Specifically, Officer Hurn read the victim's earlier statements as to two incidents of sexual contact with appellant.

After all the evidence was presented, a jury found appellant guilty of two counts of sexual abuse in the first degree, in violation of Sec. 566.100 RSMo 1986. Appellant was sentenced to two years imprisonment plus a one thousand dollar fine on each count.

■ In his first point on appeal, appellant argues that the trial court erred in allowing, as substantive evidence, the transcript of the victim's statements to Officer Hurn. According to appellant, the transcript improperly and prejudicially bolstered and corroborated the testimony of the victim at trial.

We agree with appellant that the trial court erred in allowing the transcript to be admitted as substantive evidence. The statements which Officer Hurn read from the interview transcript on direct examination were consistent with the victim's own trial testimony. Consequently, the statements read to the jury simply bolster, enhance and corroborate what the witness had testified to on the stand. Such use of a witness' extrajudicial statements is substantially restricted by Missouri courts. *State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987).

However, while we find that the trial court erred, we do not find that the error was prejudicial to the defendant. The error is harmless because the recited statements are cumulative to other testimony which was properly admitted and which fully proved the issue. *State v. Ayers*, 724 S.W.2d 556, 560 (Mo.App.1986); *State v. Degraffenreid*, 477 S.W.2d 57, 66–67 (Mo. 1972); *State v. Nimrod*, 484 S.W.2d 475, 479 (Mo.1972).

In holding that the trial court's error is harmless in the case at bar, we find that our case is distinguishable from *Seever*, which is relied upon by appellant, and where the admission of the bolstering statements were held to be prejudicial. In *Seever*, the state presented, at trial, the videotaped statement of a nine-year-old victim of sexual abuse. After the videotape was viewed by the jury, the state called the victim to the stand, where her testimony covered precisely the same ground as the videotape.

The *Seever* court concluded that this total repetition of evidence was prejudicial to the defendant. In so holding, the court discussed Sec. 492.304 RSMo 1986, the statutory authority relied on by the prosecutor in introducing the victim's testimony. According to the court, the legislature did not intend to sanction a "broad duplication" of testimony in promulgating the statute. Thus, in the *Seever* case, what concerned the court was a total duplication of testimony from the victim. However, in the case at bar, only portions of the duplicative testimony were read to the jury. Such testimony was cumulative and not prejudicial to appellant. We, therefore, overrule appellant's first point on appeal.

■ As his second point on appeal, appellant argues that the trial court erred in refusing appellant's proffered Instruction "A", patterned after MAI–CR 3d 310.16, which would have advised the jury that prior inconsistent statements used to impeach the witness could not be considered as substantive evidence.

The *inconsistent* statements of the young witness were introduced by defendant in cross-examination of her. Therefore, he waived entitlement to the instruction, according to *State v. Nimrod*, supra, 484 S.W.2d at 479; *State v. Thomas*, 440 S.W.2d 467, 470 (Mo.1969). The statements which the state later introduced from the witness's statement to the police were consistent with part of her trial testimony, not inconsistent. It is their consistency with her trial testimony that made them objectionable to defendant, according to his first point, supra, for they bolstered her testimony. Since they were consistent with her trial testimony, the tendered instruction does not apply.

Furthermore, if her pre-trial statements were inconsistent with her trial testimony, they were admissible as substantive evi-

dence of their contents. Sec. 491.074, RSMo 1986; *State v. Bowman*, 741 S.W.2d 10 (Mo. banc 1987), MAI–CR 3d 310.16, n. 7.

The judgment is affirmed.