STATE of Missouri, Respondent,

v.

**Alfred BARBEE, Appellant.**

No. 58203.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 17, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 10, 1992.

Application to Transfer Denied
Feb. 25, 1992.

onment for each count of armed criminal action. The court ordered the twenty-five year sentences to be served consecutively and the five-year sentences to be served concurrent to each other but consecutive to the sentences imposed for the sex offenses. We affirm.

The sufficiency of the evidence is not in dispute. Viewed in a light most favorable to the verdict, the evidence at trial established the following facts. At approximately 5:15 p.m. on January 20, 1989, the victim went to the lounge of a Holiday Inn in downtown St. Louis. After having several drinks with a friend, A.B.,[1] the victim left for the bathroom. As she attempted to leave the bathroom stall, the victim was confronted by appellant. With a knife in his hand, appellant motioned her to go back into the stall. Appellant entered the stall with the victim, shut the door, and pointed the knife at the victim's throat.

Appellant ordered the victim to take off her panties and skirt. The victim raised her skirt and removed her underwear, and appellant kissed her on the mouth. Appellant ordered the victim to sit on the toilet seat; he then pulled down his pants. While still holding the knife in his hand, appellant placed his penis into the victim's mouth. Appellant then placed his mouth on the victim's vagina, stood up, and placed his penis into the victim's vagina.

Appellant stopped suddenly and placed one foot on the toilet seat when A.B. came into the restroom and entered the next stall. A.B. noticed dark, laced boots come down onto the floor facing the back of the victim's stall. Appellant pulled up his pants and underwear, folded up his knife, and stuck it down the front of his pants. Appellant left the restroom, and A.B. came to the victim's aid.

When the police arrived, the victim described appellant as a slender, black male, slightly shorter than five feet six inches tall, with a scraggly beard. She stated appellant was wearing blue jeans, white underwear with a red band, a steel-blue work coat with a gold plate across the chest pocket, and a steel-blue neck scarf

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

Alfred Barbee appeals from a jury conviction for one count of forcible rape in violation of § 566.030 RSMo 1986, two counts of forcible sodomy in violation of § 566.060 RSMo 1986, and three counts of armed criminal action in violation of § 571.015 RSMo 1986. The jury assessed punishment at twenty-five years' imprisonment for each sex offense and five years' impris-

---

1. The initials used are not the true initials of the victim's friend.

and stocking cap that were darker than the coat. She further stated appellant wielded a brown pocket knife with gold at both ends. The victim testified at trial that during the incident, the lights were on in the restroom stall and at one point appellant's face was roughly one and one-half feet from hers. She further testified that although she had consumed three drinks before the incident, she was not intoxicated. Appellant was in the stall with the victim for approximately fifteen to twenty minutes.

Officer Barry Lalumandier heard the description of appellant over the radio and began searching the area and checking local homeless shelters. After approximately ten to fifteen minutes, Lalumandier saw appellant attempting to enter the New Life Evangelistic Center, located approximately eight blocks west and two short blocks north of the Holiday Inn where the incident occurred. Lalumandier approached appellant and asked him if he was carrying a knife. Appellant reached into his right front trouser pocket and produced a folded knife, which Lalumandier took.

Lalumandier took appellant back to the Holiday Inn, where the victim identified appellant as the man who attacked her. The identification occurred roughly fifteen to twenty minutes after the incident. Appellant was also identified by Tony Hodges, a hotel employee who had seen a black man dressed in work clothes walk past the men's bathroom in the direction of the women's bathroom and leave from the front door lobby approximately fifteen to twenty minutes later. Hodges did not see appellant's face at the time of the incident, but stated that appellant was wearing the same color clothing as the man he saw. The victim identified appellant and his clothing at trial. Further, A.B. stated that appellant's boots looked like the ones she saw in the restroom on the day of the incident.

Blood tests revealed the victim is a type A secreter and appellant is a type B secreter. A vaginal swab from the victim and seminal stain on the victim's underwear contained both A and B antigens. The B antigens were deposited by a B or AB secreter. The presence of spermatozoa in the vaginal sample and on the victim's underwear indicates the victim had sexual intercourse with a B or AB secreter within the twenty-four hours prior to testing.

In his first point, appellant contends the trial court erred in removing him from the courtroom during voir dire. Appellant argues the court violated his constitutional and statutory right to be present at a material stage of the proceedings, and contends the court failed to give him adequate warning of the existence and possible forfeiture of his right to be present.

During voir dire, appellant's counsel in discussing the reasonable doubt standard asked the jury panel, "Does anybody have a problem understanding what we are talking about?" At that point, defendant said, "Yes, I do. May I address the Court. I am on trial here, am I not." The court had appellant removed from the courtroom and out of the hearing of the jury immediately conferred with appellant's counsel and the prosecutor. Appellant's counsel requested a mistrial and asked that the court permit appellant to address the court outside the hearing of the jury. The court overruled the request for mistrial but sustained the request for permission to address the court. Further, the court admonished appellant's counsel to remind appellant that appellant's behavior was contemptuous and that the right to confront witnesses does not outweigh the court's process. The court stated that if appellant did not promise to be quiet, he would not be permitted to remain in the courtroom during the proceedings.

The jury was taken out of the courtroom, and appellant was brought before the court. The following conversation occurred:

> COURT: Mr. Barbee, I'm going to tell you something when you come in this courtroom, you submit yourself to the jurisdiction of this court, and I will tell you that you cannot speak out of turn. Everybody in this courtroom has to take their turn.

MR. BARBEE [Appellant]: I appreciate that, very much.

COURT: Mr. Jamieson took his turn. Ms. Grady [appellant's counsel] is taking her turn and if you and Ms. Grady feel that between the two of you that you want to enter into the voir dire process and you want to ask those jurors something, that is fine, but you have to give Ms. Grady her opportunity to have her say at this time.

MR. BARBEE: It seemed I have not been given any opportunity to say one single thing.

COURT: You have to take your turn, do you understand that?

MR. BARBEE: I don't want to take a turn.

COURT: You what? You take your turn and at the time Ms. Grady is finished you sit down and ...

MR. BARBEE: I don't have anything to discuss with Ms. Grady.

COURT: Take this man out. I'm not putting up with this.

MR. BARBEE: May I finish please.

COURT: No, you may not.

MR. BARBEE: May I have my things, that ain't necessary, ma'am, that's what you want.

The court informed appellant's counsel that in the court's opinion, appellant had disrupted the proceedings and had thereby foregone his opportunity to be present in the courtroom. The court stated that the court would permit appellant's counsel to consult with appellant prior to jury selection. Voir dire continued over the objection of appellant's counsel.

Before the jury was sworn, the court permitted appellant to return to the courtroom. The court asked appellant if he would remain quiet, and appellant stated, "I have no more to say." The court warned appellant that he would be removed from the courtroom if he refused to remain quiet while the jury was present.

An accused has a right to be present in the courtroom at every stage of the trial. *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353, 356 (1970); U.S. Const. amend. VI; *See* Mo. Const. art. I,

§ 18(a). However, "a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Allen,* 397 U.S. at 343, 90 S.Ct. at 1060–61, 25 L.Ed.2d at 359.

■ We cannot say the trial court committed reversible error in finding that appellant's behavior "violated the dignity, order, and decorum of the court, threatened to impede the proceedings, and created the likelihood of prejudice against him." *See State v. Moton,* 733 S.W.2d 449, 452 (Mo. App.1986). Further, the court's admonition to appellant's counsel immediately prior to the colloquy between the court and appellant, coupled with the colloquy itself, sufficiently warned appellant that he could be removed from the courtroom if he continued to disrupt the court proceedings. Appellant himself chose to absent himself from the courtroom rather than promise the court he would remain quiet. The court could have reasonably believed another disturbance might be forthcoming if appellant was not removed. Further, appellant was present for a substantial portion of the voir dire and was permitted to consult with his counsel prior to jury selection. Finding no prejudice, point one is denied.

In his second point, appellant contends the trial court erred in overruling his motion to suppress evidence and objections to the admission of his knife and clothing, because such evidence was the result of a warrantless arrest made without probable cause.

Prior to being identified by the victim, appellant was handcuffed, placed in the back seat of a police car, and transported to the scene of the incident. At that time, appellant was taken into custody and was not free to go, even though Officer Lalumandier testified in the pre-trial hearing on appellant's motion to suppress that he did not place appellant under arrest at that time. Probable cause to arrest appellant

existed if the arresting officer had information sufficient to warrant belief by a person of reasonable caution that appellant committed the offense under investigation. *State v. Whitley*, 743 S.W.2d 482, 484 (Mo. App.1987); *State v. Allen*, 684 S.W.2d 417, 421 (Mo.App.1984).

In this case, the victim gave police a detailed description of her attacker. Police approached appellant because he matched the rapist's description. Officer Lalumandier observed appellant walking quickly within ten blocks of the area where the rape had occurred roughly fifteen minutes earlier. Further, appellant was carrying a knife resembling the knife the rapist used in his attack. We find these factors sufficient to constitute a reasonable ground for belief of appellant's guilt. *See Allen*, 684 S.W.2d at 421; *Whitley*, 743 S.W.2d at 484. Appellant's arrest was not without probable cause. Point two is denied.

Appellant's third point concerns the trial court's admission into evidence of an extrajudicial statement made by the victim to the nurse who witnessed the victim's post-rape medical examination. Appellant contends that because the victim had not been impeached by prior inconsistent statements, rehabilitation by prior consistent statements was improper and constituted improper bolstering of the state's case.

On direct examination by the state, Nurse Mary Lemme testified as to the details of the examination performed on the victim after the rape. On cross-examination, defense counsel questioned Lemme concerning the amount of alcohol the victim had consumed prior to the rape. On redirect and over defense counsel's objection, the state elicited from Lemme brief testimony concerning the victim's description of the assailant. The description was virtually identical to the victim's in-court description of appellant. The objection to Lemme's testimony was preserved in appellant's motion for new trial.

Prior consistent statements are properly admitted only when they pertain to the specific subject on which a witness has been impeached. *State v. Morris*, 639 S.W.2d 589, 592 (Mo. banc 1982) (*citing*

*State v. Fleming*, 354 Mo. 31, 188 S.W.2d 12 (1945)), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983). The rehabilitative statement elicited from Nurse Lemme was outside the scope of the subject on which the victim was impeached and, as such, was improperly admitted. However, "[i]n matters involving the admission of evidence, the court reviews for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." *State v. McMillin*, 783 S.W.2d 82, 98 (Mo. banc 1990), *cert. denied*, — U.S. —, 111 S.Ct. 225, 112 L.Ed.2d 179–80 (1990). We find no such prejudice here.

Although the use of duplicative and corroborative extrajudicial statements is substantially restricted when a witness testifies from the stand, *State v. Seever*, 733 S.W.2d 438, 441 (Mo. banc 1987), the admission of a witness' extrajudicial statement may amount to harmless error when the statement adds nothing substantial and the witness is available for cross-examination. *McMillin*, 783 S.W.2d at 98; *State v. Moorehead*, 811 S.W.2d 425, 428 (Mo.App. 1991). Further, "[e]rror which may require reversal in a close case may be disregarded as harmless where evidence of guilt is strong." *McMillin*, 783 S.W.2d at 99.

Here, the victim's prior statement was virtually identical to portions of her in-court testimony. The victim testified at trial and was subject to cross-examination. Further, Nurse Lemme's testimony concerning the victim's statement was brief and concise, and nothing of substance was added to the victim's description of appellant. *See State v. Brigman*, 784 S.W.2d 217, 220–21 (Mo.App.1989). Evidence of appellant's guilt was established by strong evidence aside from Lemme's corroborating testimony. Unlike the circumstances in *Seever*, there was no total repetition of the victim's testimony. *See Seever*, 733 S.W.2d at 441. The prior description was merely cumulative, and its admission constituted harmless error. *See State v. Ford*, 753 S.W.2d 5, 7 (Mo.App.1988); *State v. Taylor*, 742 S.W.2d 625, 629 (Mo.App.1988).

We find no prejudice depriving appellant of a fair trial. Point three is denied.

In his fourth and final point, appellant alleges the trial court erred by imposing consecutive sentences for rape and sodomy. Appellant contends that a trial court has discretion to run the sentences for sex offenses concurrently or consecutively, pursuant to the holdings in *Williams v. State*, 800 S.W.2d 739 (Mo. banc 1990) and *State v. Burgess*, 800 S.W.2d 743 (Mo. banc 1990). Appellant further contends the trial court in the instant case exercised no such discretion because at the time of appellant's sentencing mandatory consecutive sentences were required for multiple sex offenses committed in one transaction.

Pursuant to § 558.026.1 RSMo 1986, a sentencing court has discretion to make sentences on sex offenses concurrent or consecutive to each another *if a defendant's convictions consist only of sex offenses*. *Williams*, 800 S.W.2d at 740–41; *Burgess*, 800 S.W.2d at 744 (emphasis added). Where convictions consist of both sex offenses and non-sex offenses, the sentences on the sex offenses must be consecutive. *State v. Seaton*, 815 S.W.2d 90, 92 (Mo.App.1991).

In the instant case, appellant was convicted of forcible rape, forcible sodomy, and armed criminal action. Although appellant in committing the sex offenses displayed a dangerous instrument in a threatening manner, he was not charged with or convicted of class A forcible rape and forcible sodomy. *See* § 566.030.2 RSMo 1986. Rather, appellant was charged with and convicted of three counts of armed criminal action for using a dangerous instrument in his commission of the felony rape and felony sodomy offenses. Under these circumstances, the offense of armed criminal action requires proof of an element not required to prove forcible rape or forcible sodomy, namely, the use, assistance, or aid of a dangerous instrument or deadly weapon. *See* § 571.015.1 RSMo 1986; *State v. Walker*, 783 S.W.2d 145, 149 (Mo.App. 1990). Therefore, for purposes of sentencing, we consider the armed criminal action convictions "non-sex" offenses even though the underlying felonies consist only of sex offenses. We do not decide whether such would be the case if a defendant's convictions consisted of armed criminal action and class A forcible rape or sodomy, with no "non-sex" felony offense underlying the armed criminal action conviction. However, under those circumstances, the armed criminal action convictions would not in our view constitute "non-sex" offenses for purposes of sentencing. We are mindful of the dissent's concern that this distinction permits a prosecutor to elect not to charge the class A felonies and thereby remove from the trial court the discretion of determining whether the sex offense sentences should run concurrently or consecutively. Nevertheless, the language of the relevant statutes lends itself to such a result, and it is in our view within the exclusive purview of the legislature to effect a change if a change is warranted.

Because in this case the convictions consist of both sex offenses and "non-sex" offenses, the trial court was required to make the sentences on the sex offenses consecutive. *Seaton*, 815 S.W.2d at 92. The court had no discretion to run the sex offense sentences concurrently. Accordingly, appellant's fourth point is denied.

The judgment of the trial court is affirmed.

KAROHL, J., concurs.

SMITH, P.J., concurs in part and dissents in part in separate opinion.

SMITH, Presiding Judge, concurring in part and dissenting in part.

I concur in the majority opinion as it pertains to defendant's convictions. I respectfully dissent from the majority's holding on the issue of punishment. Specifically, I am unable to agree that the armed criminal action convictions constituted other non-sex crimes for purposes of application of § 558.026.1 RSMo 1986.

That section provides:

"Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutive-

ly; except that, in the case of multiple sentences of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid and for other offenses committed during or at the same time as that rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid, the sentences of imprisonment imposed for the other offenses may run concurrently, but the sentence of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid shall run consecutively to the other sentences."

In *Williams v. State*, 800 S.W.2d 739 (Mo. banc 1990) and *State v. Burgess*, 800 S.W.2d 743 (Mo. banc 1990) the court held that the statute was ambiguous and would be interpreted to authorize the trial court to impose concurrent sentences where all the offenses were sex offenses.

§ 571.015 RSMo 1986 provides for the crime of armed criminal action. It states that if a person commits any felony, with certain exceptions, with or through the use of a dangerous instrument or deadly weapon he is *also* guilty of armed criminal action. The appellate courts of this state and the United States Supreme Court have consistently held that armed criminal action and the underlying offense are the "same offense" for purposes of the double jeopardy clause. *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *State ex. rel. Bulloch v. Seier*, 771 S.W.2d 71 (Mo. banc 1989); *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980); *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980). The statute does not violate the prohibition against double jeopardy because the legislature properly may impose multiple punishment for the same conduct if it chooses to do so and makes that intention clear, which it has done in § 571.015. *Missouri v. Hunter*, supra.

Armed criminal action can exist only if the defendant has committed the underlying felony. It has no separate existence without the underlying felony. It punishes not the crime committed but the means by which it is committed. It constitutes a method for enhancement of punishment because of the means by which the felony is committed. Armed criminal action and the underlying felony cannot both be tried except in a single trial. *State ex. rel. Bulloch v. Seier*, supra. I am unable to conclude that armed criminal action is an "other offense" within the meaning of § 558.026, the joinder of which mandates consecutive sentences for the underlying sex offenses.

*State v. Williams*, supra, reflects the belief of the Supreme Court that unless clearly mandated otherwise by statute trial judges should have the maximum of discretion in sentencing. To interpret the statute as the majority does, does not comport with the reasoning of *State v. Williams*. The distinction drawn by the majority between the charges filed here and Class A felony charges illustrates the problem. The defendant's conduct here clearly subjected him to conviction for the Class A felonies of rape and sodomy. In fact all elements of those felonies were established in order to convict him of armed criminal action. By electing to charge the non-weapon sex crimes the prosecutor took from the trial judge the discretion in sentencing which might not have occurred (if I correctly read the majority opinion) if defendant had been charged with the crimes actually proven. Defendant here committed only sex crimes. He did so with a weapon. If he had been charged with the Class A felonies only, the trial court would have had discretion in determining whether the sentences should run concurrently or consecutively. By adding the armed criminal action counts, the majority holds that discretion is removed. Yet the conduct is exactly the same. I cannot concur in such an interpretation of the statute.

I would affirm the convictions and remand the case for resentencing in accord with *State v. Burgess*, supra.