STATE of Missouri, Plaintiff/Respondent,

v.

George HUNTER, Defendant/Appellant.

George HUNTER, Movant,

v.

STATE of Missouri, Respondent.

Nos. 67127, 70407.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 25, 1997.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

PUDLOWSKI, Judge.

This appeal is from the judgments of two counts of sodomy, § 566.060.3, RSMo Cum. Supp.1993; two counts of endangering the welfare of a child, § 568.045, RSMo Cum. Supp.1993; and three counts of misdemeanor assault in the third degree, § 565.070, RSMo 1994. Following a jury trial, George Hunter (appellant) was sentenced as a prior offender to life imprisonment on one count of sodomy, a consecutive twenty year term on the second count of sodomy, a consecutive five year term for one count of endangering the welfare of a child to be served concurrently with a five year term for the second count of endangering the welfare of a child and three one year terms for third degree assault, for a total of life imprisonment plus twenty-five years. Appellant filed a motion for post-conviction relief pursuant to Supreme Court Rule 29.15 for ineffective assistance of counsel, which was denied after an evidentiary hearing. Appellant brings this consolidated appeal on the denial of his 29.15 motion and various judgments at the trial.

Because the respondent (State) did not present substantial evidence to support a finding that appellant created a substantial risk to the health of M.B. by forcing her to drink a small glass of beer, we find that the trial court erred in denying the appellant's motion for judgment of acquittal on this charge. We find further that the State did present substantial evidence to support a finding that appellant created a substantial risk to the health of L.B. Respondent also presented substantial evidence to support a finding that appellant put his penis in L.B.'s mouth as her testimony was not "so inconsistent with common experience" to require corroboration. Finally, we find that the motion court did not clearly err in denying the appellant's 29.15 motion because appellant failed to carry his burden of proof at the hearing.

■ When reviewing a challenge of the sufficiency of evidence to support a jury verdict, we look at the facts in the light most favorable to the State and take all favorable inferences therefrom. *State v. Moore,* 930 S.W.2d 464, 467 (Mo.App. E.D.1996). The following facts, presented in the light most favorable to the State, were adduced at trial.

In December of 1993, thirteen-year-old L.B. was living with her mother, J.B., her six-year-old sister, M.B., her one-year-old brother, G.H., and appellant, who was her mother's boyfriend and G.H.'s father. Appellant had lived with the family for almost three years. L.B. and appellant got along in the first year, but the relationship deteriorated when appellant began drinking.

On December 17, 1993, L.B. went to bed at 10:00 p.m. L.B. shared a bedroom with her sister, M.B., who was already asleep, as were her mother and her brother. Sometime after midnight, on December 18, 1993, appellant entered L.B.'s bedroom. Standing beside her bed, appellant woke L.B. by calling her name. Appellant told her to go to the kitchen where he berated her and claimed that she did not respect him. He then told L.B. to go to the basement and sit on the bed. L.B. followed these instructions.

In the basement, appellant struck L.B. in the face with his open hand. Appellant later told her to kneel on the floor in front of him and repeated that she did not respect him.

He then told her to unzip his pants and pull out his penis. L.B. pulled appellant's penis out of his jeans, at which point appellant told her to put it in her mouth and move up and down. L.B. did so for about two to three minutes. Appellant told L.B. to stop when her mother came to the top of the basement stairs and asked what was going on.

On Christmas eve, December, 24, 1993, L.B. went to bed around 11:00 p.m. after helping her mother prepare Christmas dinner. J.B. went to bed about an hour later and appellant was not home at that time. Appellant, who was drunk, awakened L.B. and M.B. in the early morning hours of December 25, 1993. He instructed them to get up and go into the kitchen. Appellant picked up a full 40 ounce bottle of St. Ides malt liquor, poured M.B. a small glass and told her to drink it. M.B. did not want to drink the beer but did so at appellant's order. He then sent her to bed. Appellant then poured L.B. several glasses of beer and ordered her to drink them. He told L.B. that making her drink the beer and watching her vomit as a result would be her Christmas present to him. By the time L.B. was finished drinking the beer appellant poured for her, the 40 ounce bottle was empty.

Appellant then ordered L.B. to kneel in front of him. When L.B. complied, appellant told her to unzip his pants, pull his penis out, and put it in her mouth. L.B. did so and then appellant told her to move her mouth up and down on his penis. Appellant told her to stop after two or three minutes, at which point appellant accused her of not respecting him. Appellant then struck her several times.

At this time, L.B.'s mother, J.B., woke up and went into her daughters' room where M.B. told her that appellant had forced her to drink beer. J.B. then went into the kitchen where she, appellant and L.B. began arguing. Appellant slapped L.B. and L.B. then told her mother that he made her "suck his penis." In response, appellant pushed L.B. down and started hitting her with a chair. J.B. then called the police. When they arrived, the police arrested appellant and took him into custody.

The police requested that the rest of the family come to the police station. L.B., at that time, was so impaired that she was not able to dress herself and needed the help of an Officer to do so. She was dizzy and confused. While she was getting ready to go to the police station, L.B. vomited on the kitchen floor. She vomited a second time on the way to the police station.

Appellant was convicted and sentenced as described above. He appeals the conviction, sentence and the denial of post-conviction relief.

In his first two points on appeal, appellant challenges the sufficiency of the evidence to sustain his convictions for endangering the welfare of a child, § 568.045, RSMo Cum. Supp.1993, as contained in Counts III and VII. Appellant was convicted of (1) endangering the welfare of thirteen-year-old L.B. by forcing her to drink malt liquor, and (2) endangering the welfare of six-year-old M.B. by forcing her to drink malt liquor. Appellant claims that the trial court erred in denying his motion for judgment of acquittal on these two counts.

■ In reviewing the sufficiency of the evidence, we accept as true all the evidence favorable to the State, including all favorable inferences from that evidence, and disregard all contrary evidence and inferences. *State v. Silvey*, 894 S.W.2d 662, 673 (Mo. banc 1995). Our determination is limited to whether there is substantial evidence from which a reasonable trier of fact might have found the defendant guilty beyond a reasonable doubt. *Id.* Jury instructions for Counts III and VII limited the jury's analysis to whether or not forcing the children to drink malt liquor created a substantial risk to their health. Accordingly, our review of the sufficiency of the evidence presented will be limited to whether the State presented substantial evidence to support such a finding.

A person commits the crime of endangering the welfare of a child in the first degree "if he knowingly acts in a manner that creates a substantial risk to the life, body, or health of a child less than seventeen years old." § 568.045.1, RSMo Cum.Supp.1993. Appellant does not contest the fact that sufficient evidence was presented to show that he

forced both L.B. and M.B. to drink malt liquor. However, appellant contends that the State failed to provide substantial evidence to show that by forcing L.B. and M.B. to drink malt liquor, he created a substantial risk to their health.

We will address Count VII, endangering the welfare of M.B. first. The only evidence presented by the State is that appellant forced M.B. to drink a "small glass" of malt liquor and then sent her to bed. While we find such actions reprehensible, we do not find without further evidence that it rises to the level of endangering the welfare of a child in the first degree. The State presented no evidence that forcing a six-year-old to drink a small glass of malt liquor (about the size of a juice glass) created a substantial risk to the health, physical or emotional, of M.B. In determining whether actions rise to this level, we look at the totality of the circumstances as presented by the evidence. There is no bright line test to determine whether or not a person's actions knowingly create a substantial risk to the health of a child. Nor is there a certain amount of alcohol which necessarily determines whether the appellant's conduct rises to this level. What we do determine in this instance is that forcing M.B. to drink the small glass of beer did not, in and of itself, create a substantial risk to her health.

Accordingly, we find that the State did not present substantial evidence to show, beyond a reasonable doubt, that appellant created a substantial risk to the health of M.B. As a result, we reverse the trial court's denial of appellant's motion for judgment of acquittal on Count VII.

We are presented with a much different situation with Count III. Appellant forced L.B. to drink close to 40 ounces of malt liquor in order that she would vomit as some vile notion of a Christmas present for him. L.B. became very ill and vomited twice. She became dizzy and could not dress herself. By forcing her to drink that much alcohol, appellant also caused L.B. to be more susceptible to his molestation which occurred moments after she drank the malt liquor. Certainly, forcing a child of L.B.'s age to drink to that level of impairment also puts her at great actual risk of physical injury. We find that this created a substantial risk to the health of L.B. Therefore, we find that substantial evidence was presented on Count III from which reasonable jurors could find appellant guilty beyond a reasonable doubt. Appellant's second point is denied.

In his third point, appellant alleges that L.B.'s testimony was "so inconsistent with common experience and the admitted facts and evidence" as to demand corroboration. As there was no corroboration, appellant urges, the conviction on Count II, sodomy, cannot stand. Appellant refers to the much maligned corroboration rule. Normally, in sexual abuse cases, the victim's testimony will sustain a conviction even if no corroborating evidence is presented. *State v. Hill,* 808 S.W.2d 882 (Mo.App.1991). The exception provides that when the victim's testimony is of a contradictory nature or, when applied to the admitted facts of the case, her testimony is not convincing and leaves the court's mind clouded with doubts, she must be corroborated or a judgment cannot be sustained. *State v. Baldwin,* 571 S.W.2d 236 (Mo. banc 1978). Appellant claims that L.B.'s testimony meets this exception and therefore needs corroboration. We disagree and find any arguable inconsistencies insufficient to invoke the exception and require corroboration. Point three is denied.

In his final point, appellant submits that the motion court erred in denying his 29.15 motion. Our review here is limited to whether or not the judgment was clearly erroneous. *State v. McFerron,* 890 S.W.2d 764, 769 (Mo.App. E.D.1995).

Appellant claims that he received ineffective assistance of counsel when his attorney refused to let him testify at trial. A 29.15 movant may prevail on a claim of ineffective assistance of counsel if he demonstrates that (1) his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances and (2) he was prejudiced as a result. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984); *Perkins–Bey v. State*, 735 S.W.2d 170 (Mo.App.1987). At the motion hearing, the appellant had the burden of proving this by a preponderance of the evidence. *Casey v. State*, 769 S.W.2d 829 (Mo. App.1989).

Appellant presented no evidence in order to carry his burden of proof. He offered no evidence that he requested, and his attorney refused to allow him, to testify. Additionally, he did not present any evidence to suggest that allowing him to testify was something that a reasonably competent attorney would have done under the circumstances. Furthermore, appellant did not present any evidence as to how his testimony would create a reasonable doubt in the jury, which would have indicated that he was prejudiced by not testifying. Accordingly, appellant failed to carry his burden and the judgment of the motion court was not clearly erroneous. Point four is denied.

The judgment of the trial court on Count VII is reversed. All other judgments are affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.