**STATE of Missouri, Respondent,**

v.

**Michael MILLER, Defendant/Appellant.**

No. ED 73189.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 8, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 18, 1999.

Application for Transfer Denied March 23, 1999.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for appellant.

Breck K. Burgess, Linda Lemke, Asst. Attys. Gen., Jefferson City, for respondent.

Before MARY K. HOFF, P.J., GARY M. GAERTNER, J., and RHODES RUSSELL, J.

## ORDER

PER CURIAM.

Defendant appeals from the judgment entered on a jury verdict finding him guilty of endangering the welfare of a child, in violation of section 568.045 RSMo 1994, on which he was sentenced to five years' imprisonment. Defendant asserts the trial court erred by denying his motion for acquittal because the state presented insufficient evidence to support his conviction.

Section 568.045 provides that a person commits the crime of endangering the welfare of a child when "[h]e knowingly acts in a manner that creates a substantial risk to the life, body, or health of a child less than seventeen years old."

The state presented evidence that defendant was alone with the two-month-old baby for about fifteen to twenty minutes. The baby's mother returned to find the child's eye, cheek, and ear bruised and swollen. Defendant explained the baby might have rolled off the couch. The mother took the baby to the hospital where the examining physician ordered x-rays of the child's skull. While there were no indications of fractures, the doctor testified at trial that the injuries were severe and resulted from at least two separate events. He stated that her injuries were not consistent with falling off a couch, but were consistent with being struck.

Defendant argues that because the baby did not require medical treatment after her arrival at the hospital, the state did not prove that her injuries created "a substantial risk" to her "life, body or health" as required by the statute.

Defendant misinterprets the statute and case law. The statute does not require severe injuries which endanger a child's welfare, but rather that the act of the defendant itself creates a substantial risk of harm. Section 568.045.1(1) RSMo 1994; *see also State v. Hunter*, 939 S.W.2d 542 (Mo.App. 1997), and *State v. Wilson*, 920 S.W.2d 177 (Mo.App.1996). The evidence showed defendant struck the baby more than once with enough force to create substantial bruising and swelling and to break blood vessels under her eyes. Based on this evidence, a reasonable juror could conclude that defendant acted in a manner which created a substantial risk to the child's body or health.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law.

We affirm the judgment pursuant to Rule 30.25(b).