STATE of Missouri, Appellant,

v.

Eddy R. RAINS, Respondent.

No. ED 78248.

Missouri Court of Appeals,
Eastern District,
Southern Division.

July 24, 2001.

Lora E. Cooper, Assistant Prosecuting Attorney, Jackson, for appellant.

Malcolm H. Montgomery, Johnson, Montgomery & Maguire, Cape Girardeau, for respondent.

MARY K. HOFF, Chief Judge.

The State of Missouri (State) appeals from the trial court's judgment sustaining Eddy R. Rains' (Defendant) motion to dismiss two counts of endangering the wel-

fare of a child in the first degree, based on the statute of limitations. We affirm.

On May 24, 2000, the State charged Defendant with two counts of the Class D felony of endangering the welfare of a child in the first degree on October 1, 1994 and in August 1996 in violation of Section 568.045.[1] Both charges alleged Defendant "knowingly acted in a manner that created a substantial risk to the life and body and health of [T.R. (victim)], a child less than seventeen years old, by allowing the sexual molestation of [the victim] by her stepfather, Paul Rains, after being told of such molestation by [the victim]."

Defendant timely filed her motion to dismiss the charges alleging they were barred by the three year statute of limitations in Section 556.036.2(1) RSMo 1994.[2] State opposed Defendant's motion to dismiss arguing the applicable limitations statute governing the offenses is Section 556.037 RSMo 1994.[3] The trial court entered its judgment granting Defendant's motion to dismiss on the grounds that "the statute of limitations [had run] on both counts." This appeal followed.

---

1. With respect to the October 1994 charge, the applicable statutory provision is Section 568.045.1 RSMo. Cum.Supp.1993, because the statutory version contained in the 1994 Revised Statutes of Missouri was not effective until January 1, 1995. The statutory provision applicable to the August 1996 charge is Section 568.045.1(1) RSMo 1994. Both of these statutes provide:

   A person commits the crime of endangering the welfare of a child in the first degree if he knowingly acts in a manner that creates a substantial risk to the life body, or health of a child less than seventeen years old.

2. This statutory provision did not change from the version in effect in 1986 during any years relevant to the charges against Defendant. For ease of reference, we will cite to the 1994 version of this statute. This statute states, in relevant part:

   Except as otherwise provided in this section, prosecutions for other offenses must be commenced within the following periods of limitation:
   (1) For any felony, three years;
   (2) For any misdemeanor, one year;
   (3) For any infraction, six months.

3. This statutory provision did not change from the version in effect in 1990 during any years relevant to the charges against Defendant. For ease of reference, we will cite to the 1994 version of this statute. This statute states:

   The provisions of section 556.036, to the contrary notwithstanding, prosecutions for unlawful sexual offenses involving a person seventeen years of age or under must be commenced within ten years after commission of the offense.

In its sole point, State argues the trial court erred in sustaining Defendant's motion to dismiss because the underlying harm to the victim was sexual abuse by the step-father, triggering the ten year statute of limitations set forth in Section 556.037. State urges Section 556.037 applies to Defendant's failure to protect the victim from sexual abuse by her step-father because the Legislature intended "to extend special protection to child victims of sexual abuse and molestation, as can be seen by its enactment of specific statutes of limitations on actions arising out of sexual offenses against a minor...." In support of its position State points to the ten year statute of limitations in Section 516.371 RSMo 1994, which applies to civil personal injury lawsuits involving sexual contact with a minor child; as opposed to the two year time limitation in Section 516.140 RSMo 1994, which is applicable to other personal injury lawsuits. State then notes criminal prosecutions for unlawful sexual offenses involving persons eighteen or under have a ten year statute of limitations under Section 556.037, whereas the time limitation for prosecuting felony offenses is three years under Section 556.036.

State further asserts "[w]hether or not a particular crime is a sexual offense de-pends upon the facts of the situation," and not all sexual offenses are found within Chapter 566 of the Revised Statutes of Missouri entitled "Sexual Offenses." To support this proposition, State maintains that Section 566.010 [4] defines terms used in both Chapter 566 and Chapter 568 (Offenses Against the Family), and the offenses in Chapter 568, which may be sexual in nature.

In response to Defendant's argument suggesting that Section 568.045.1(2) is the only subsection involving specific sexual conduct,[5] the State contends "[i]t would be ridiculous" to hold that Section 556.037 applies to Section 568.045.1(2), and not to Section 568.045.1(1), when the underlying conduct is the same. The State maintains the Legislature's intent was to "hold the parent[s] liable for their conduct in endangering the child[, and Defendant] could have been charged with acting in concert with the stepfather ... and just as easily charged with creating the substantial risk to the minor child by allowing the molestation—the underlying conduct is the same." State concludes, "[s]ince the underlying conduct is the same, and the conduct was sexual in nature, and the victim was a minor, the ten year statute of limitations governs."

---

4. With respect to the October 1994 charge, the applicable statutory provision is Section 566.010 RSMo. Cum.Supp.1993, because the statutory version contained in the 1994 Revised Statutes of Missouri was not effective until January 1, 1995. The statutory provision applicable to the August 1996 charge is Section 566.010 RSMo 1994. Both of these statutes set forth definitions of "deviate sexual intercourse," "sexual contact" and "sexual intercourse." The 1993 version expressly provides that the definitions apply to "this chapter," whereas the 1994 version expressly applies the definitions to "chapters 566 and 568." The only definition in the two versions that is identical is the definition of "sexual intercourse" and the 1994 version includes a definition of "sexual conduct."

5. The 1994 version, but not the 1993 version, of Section 568.045 contains the following provisions:

   A person commits the crime of endangering the welfare of a child in the first degree if: (2) He knowingly engages in sexual conduct with a person under the age of seventeen years over whom he is a parent, guardian, or otherwise charged with the care and custody.

   The 1993 statute does not have an express provision regarding sexual conduct with a minor. Therefore we understand this part of the argument is pertinent to the 1996 charge against Defendant only.

"The determination of whether the statute of limitations applies ... is a question of law." *Harris–Laboy v. Blessing Hosp., Inc.*, 972 S.W.2d 522, 524 (Mo. App. E.D.1998). Questions of law are reviewed "de novo with no deference being paid to the trial court's determination of law." *State v. Williams*, 24 S.W.3d 101, 110 (Mo.App. W.D.2000); *State v. Tinoco*, 967 S.W.2d 87, 89 (Mo.App. W.D.1998).

The applicability of Section 556.037 depends on whether a charge of endangering the welfare of a child in the first degree, by knowingly failing to protect a minor child from another's sexual abuse, constitutes an "unlawful sexual offense."

In *State v. Hyman*, 37 S.W.3d 384 (Mo. App. W.D.2001), the Western District, in considering the applicability of the ten year statute of limitations of a later version of Section 556.037 to armed criminal action, stated it "depends on whether armed criminal action is an 'unlawful sexual offense.'" *Id.* at 391. Looking first to the interrelationship between armed criminal action and its underlying felony, the court concluded "[a]rmed criminal action may be based on any felony not ... just on sexual felonies. Yet whatever the underlying felony may be, armed criminal action carries a separate, distinct, and additional punishment." *Id.*

The Western District, relying on *State v. Barbee*, 822 S.W.2d 522 (Mo.App. E.D. 1991) and *State v. Juarez*, 26 S.W.3d 346 (Mo.App. W.D.2000), next considered the question similar to the one we are presented with in this case: "For purposes of the ten-year statute of limitation in [Section] 556.037, is armed criminal action an unlawful sexual offense when it is based on a sexual offense?" *Hyman*, 37 S.W.3d at 391.

Based on *Barbee* and *Juarez*, the court in *Hyman* ultimately concluded "armed criminal action was not an "unlawful sexual offense" to which the ten-year limitation in [Section] 556.037 applies ... even though the underlying felonies [were] sexual offenses." *Hyman*, 37 S.W.3d at 392–93. The court's conclusion was primarily based on the premise that armed criminal action "retains its separate identity." *Id.* at 392. Specifically, an armed criminal action offense appears in a separate chapter defining weapon offenses, while forcible rape, forcible sodomy and sexual abuse appear in the chapter on sexual offenses; it can be joined to any felony; it carries its penalty and sentencing guidelines; and it satisfies double jeopardy prohibitions. *Id.* at 392–93.

In *Barbee*, the defendant was convicted of three counts of armed criminal action for using a knife in his commission of forcible rape and forcible sodomy. *Barbee*, 822 S.W.2d at 527. We found that

> [a]lthough [defendant] in committing the sex offenses displayed a dangerous instrument in a threatening manner ... the offense of armed criminal action requires proof of an element not required to prove forcible rape or forcible sodomy, namely, the use, assistance, or aid of a dangerous instrument or deadly weapon. Therefore, for purposes of sentencing, we consider the armed criminal action convictions "non-sex" offenses even though the underlying felonies consist only of sex offenses.

*Id.* (citation omitted). In *Juarez*, the court addressed whether the defense of duress applied to the armed criminal action charge when the weapon was used in the underlying offense of second degree murder. *Juarez*, 26 S.W.3d at 362. The State argued that the defense of duress should not be permitted because "one cannot commit the crime of armed criminal action without committing the underlying felony, and [the court] should consider the underlying felony and the armed criminal action

to be part of one and the same 'transaction.' " *Id.* at 363. The *Juarez* court, disagreeing with the State, concluded duress is an affirmative defense in any criminal case except murder, armed criminal action is not the equivalent of murder, and therefore, duress can be an affirmative defense to armed criminal action. *Id.* "Moreover, [the Western District noted] whatever felony [the armed criminal action] is based on, it carries a separate and distinct sentence." *Id.*

■ Our analysis in the present case parallels that used in *Hyman;* although we note that armed criminal action requires the commission of an underlying offense, while endangering the welfare of a child is a felony in and of itself. However, the analysis used by the Western District is applicable here.

■ The offense of endangering the welfare of a child in the first degree retains a separate identity apart from sexual abuse, even though the underlying offense in this case is related to sexual abuse. We base this on the fact that "non-sex" acts can also constitute the offense of endangering the welfare of a child in the first degree. *See State v. Hunter,* 939 S.W.2d 542, 545 (Mo.App. E.D.1997) (forcing thirteen-year-old to drink forty ounces of alcohol); *State v. Riggs,* 2 S.W.3d 867, 872 (Mo.App. W.D.1999) (leaving a two-year-old child outside and unattended near an unfenced duck pond, for period up to forty-five minutes); *State v. Gaver,* 944 S.W.2d 273, 276 (Mo.App. S.D.1997) (failing to protect a child and provide a safe environment after being informed of physical abuse of child).

■ The particular subsection Defendant was charged under, Section 568.045.1(1) Cum.Supp.1993, is not in and of itself a. sexual offense. This statute refers to "knowledge" of conduct creating a substantial risk of harm to a child. While knowledge of sexual abuse is sufficient to commit the offense of endangering the welfare of a child in the first degree, *see Carmons v. State,* 26 S.W.3d 382, 384 (Mo.App. W.D.2000) (defendant allowed minor to have contact with the sexual abuser after being informed of the incidents), such knowledge is not equivalent to actual sexual abuse. Defendant was specifically charged with "knowingly . . . allowing [the victim to be] sexual[ly] molest[ed]," not acting with the step-father as a co-conspirator or accessory. Because there was no direct sexual contact with the victim by Defendant to qualify as an "unlawful sexual offense," Defendant's charges do not fall under the ten year statute of limitations under Section 556.037. The trial court did not err in granting the motion to dismiss both charges.

Judgment affirmed.

ROBERT G. DOWD, Jr., Judge and SULLIVAN, Judge, concur.